Citation Nr: 1313640 
Decision Date: 04/24/13 Archive Date: 05/03/13

DOCKET NO. 10-42 664 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Providence, Rhode Island


THE ISSUES

1. Entitlement to an increased evaluation for chondromalacia patella, left knee, currently evaluated as 10 percent disabling.

2. Entitlement to service connection for a right knee condition, as secondary to the service-connected left knee condition.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

The Veteran



ATTORNEY FOR THE BOARD

Jason A. Lyons, Counsel


INTRODUCTION

The Veteran served on active duty from October 1991 to January 1996. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a January 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Providence, Rhode Island, denying entitlement to the benefits sought. 

The Veteran testified in May 2012 at a Travel Board hearing at the RO before the undersigned Veterans Law Judge (VLJ), a transcript of which is of record. 

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the Veteran if further action is required.


REMAND

The Board finds that further development required to supplement the record, and hence is remanding this case. The Veteran last underwent VA Compensation and Pension examination in January 2011 regarding the severity of his service-connected left knee disability, more than two years ago. By the Veteran's and his representative's accounts, the condition has since worsened. Further described is the onset of characteristic signs of left knee joint instability (apart from orthopedic disability manifested by limitation of motion), requiring the use at times of a knee brace. Therefore, in the interest of obtaining a contemporaneous and thorough depiction of left knee symptomatology, a new VA examination is deemed warranted. See Palczewski v. Nicholson, 21 Vet. App. 174, 181-82 (2007), citing Caluza v. Brown, 7 Vet. App. 498, 505-06 (1998) ("Where the record does not adequately reveal the current state of the claimant's disability ...the fulfillment of the statutory duty to assist requires a thorough and contemporaneous medical examination."). See also Snuffer v. Gober, 10 Vet. App. 400 (1997); Caffrey v. Brown, 6 Vet. App. 377 (1994); VAOPGCPREC 11-95 (1995). 

Moreover, regarding the service connection claim, the Veteran's representative contends that a medical opinion should be obtained on the dispositive issue of whether a right knee disability developed secondarily to the left knee condition, and the Board essentially agrees. An opinion will be requested. See 38 U.S.C.A. § 5103A(d) (West 2002 & Supp. 2012); 38 C.F.R. § 3.159(c)(4) (2012) (VA will provide a medical examination or obtain a medical opinion based upon a review of the evidence of record if VA determines it is necessary to decide the claim). 

As the case must be remanded for the foregoing reasons, any recent VA treatment records should be obtained.

Accordingly, the case is REMANDED for the following action:

1. Make arrangements to obtain the Veteran's treatment records related to his knees from the Providence, Rhode Island VA Medical Center, dated since August 2010.

2. Then, schedule the Veteran for a VA examination of the bilateral knees. The claims folder should be made available to and reviewed by the examiner. All necessary tests, including x-rays if indicated, should be performed.

The examiner should identify and describe in detail all residuals attributable to the Veteran's service-connected chondromalacia patella of the left knee.

The examiner should report the range of motion of the left knee, in degrees. The examiner should note whether, upon repetitive motion, there is any pain, weakened movement, excess fatigability, or incoordination on movement, and whether there is likely to be additional range of motion loss due to: (1) pain on use, including during flare-ups; (2) weakened movement; (3) excess fatigability; or (4) incoordination. The examiner should also describe whether pain significantly limits functional ability during flare-ups or when the left knee is used repeatedly. If there is no pain, no limitation of motion and/or no limitation of function, such facts must be noted in the report.

For the patellofemoral syndrome of the left knee, the examiner should determine whether there is any evidence of recurrent subluxation or lateral instability of the knee, and if so, to what extent.

The examiner is also requested to provide an opinion as to whether it is at least as likely as not (50 percent or greater probability) that any currently diagnosed right knee disorder was either (a) caused by, or (b) aggravated by the service-connected left knee chondromalacia patella, to include as a result of any shifting of weight or altered gait associated therewith. 

The examiner must provide a comprehensive report including complete rationales for all opinions and conclusions reached.

3. After the requested examination has been completed, the report should be reviewed to ensure that it is in complete compliance with the directives of this remand. If the report is deficient in any manner, it should be returned to the examiner for corrective action.

4. Finally, after undertaking any other development deemed appropriate, re-adjudicate the claims on appeal. If any benefit sought is not granted, furnish the Veteran and his representative with a Supplemental Statement of the Case (SSOC) and afford them an opportunity to respond before the record is returned to the Board for further review.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

No action is required of the Veteran until further notice. However, the Board takes this opportunity to advise the Veteran that the conduct of the efforts as directed in this remand, as well as any other development deemed necessary, is needed for a comprehensive and correct adjudication of his claims. His cooperation in VA's efforts to develop his claims, including reporting for any scheduled VA examination, is both critical and appreciated. The Veteran is also advised that failure to report for any scheduled examination may result in the denial of a claim. 38 C.F.R. § 3.655. 

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2012).



_________________________________________________
P. M. DILORENZO
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2012).