Citation Nr: 1313634 
Decision Date: 04/24/13 Archive Date: 05/03/13

DOCKET NO. 10-30 876 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Nashville, Tennessee


THE ISSUES

1. Entitlement to an initial evaluation is excess of 30 percent for posttraumatic stress disorder (PTSD).

2. Entitlement to a temporary total evaluation under 38 C.F.R. § 4.29 for the period from May 12, 2009, through June 23, 2009.

3. Entitlement to a total disability rating based upon individual unemployability (TDIU).


REPRESENTATION

Veteran represented by: The American Legion


WITNESS AT HEARING ON APPEAL

The Veteran

ATTORNEY FOR THE BOARD

A.E.H. Gibson, Associate Counsel


INTRODUCTION

The Veteran served on active duty in the United States Army from February 1969 to March 1971.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an August 2009 rating decision, which granted service connection and assigned a 30 percent disability rating for PTSD. When the Veteran filed his notice of disagreement (NOD), he also provided information regarding inpatient treatment he received for PTSD, seeking a temporary total rating. This was denied in the statement of the case (SOC) issued in June 2010. The Veteran timely filed an appeal as to these issues.

In September 2011, the Veteran testified at a personal hearing, conducted via videoconferencing equipment, that was chaired by the undersigned Veterans Law Judge (VLJ). A transcript of the hearing has been associated with the Veteran's VA claims folder.

At his hearing, the Veteran testified that he had not worked since 2007 and that he was receiving Social Security disability benefits, in part, due to his PTSD. Therefore, the Board finds that a claim for a total disability rating based on individual unemployability (TDIU) has been raised by the record. In this regard, in Rice v. Shinseki, 22 Vet. App. 447 (2009), the Court of Appeals for Veterans Claims (Court) determined that claim for a TDIU is considered part and parcel of a claim for benefits for the underlying disability. Id. at 453-54. Therefore, in this case, the Veteran's claim for a TDIU is part and parcel of his claim for increase for PTSD, and as such, this issue is properly before the Board. Accordingly, the issues on appeal are as stated on the cover page.

In December 2011, the Veteran submitted a claim for entitlement to a temporary total evaluation under 38 C.F.R. § 4.29 for the period from November 7, 2011 to December 16, 2011. THIS MATTER IS REFERED TO THE RO FOR APPROPRIATE ACTION.

Review of the Veteran's file on Virtual VA paperless claims system does not reveal additional records that are pertinent to the Veteran's claims.

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the appellant if further action is required.


REMAND

Unfortunately, a remand is required in this case. Although the Board sincerely regrets the additional delay, it is necessary to ensure that there is a complete record upon which to decide the Veteran's claims so that he is afforded every possible consideration. For the reasons set forth below, the Board finds that additional development is required in this case. 

The record reveals that some of the Veteran's VA treatment records have yet to be associated with the claims file. In this regard, the file currently contains VA treatment records from the Lexington VA medical center (VAMC) from February 2009 through June 2009, and from November 2011 through December 2011. The file also contains records from the Mountain Home VAMC from December 2008 through September 2009, and August 2011 through September 2011. 

The Veteran's application for benefits, however, indicates he has received treatment at the Bedford and Jamaica Plain VAMCs, at some time in the past. Clinical notes indicate the Veteran was hospitalized at the Salisbury VAMC in 2007 or 2008 for drug treatment. Further, he received continuing treatment at the Mountain Home VAMC after discharge from the VA PTSD Residential Rehabilitation Program (PRRP) until July 2010, but the only records from Mountain Home in the file are from June 2009 through September 2009. He was enrolled in ACT group therapy from November 2010 to March 2011. More recently, a February 2013 note from his social worker indicates he has been enrolled in the Mental Health Intensive Case Management (MHICM) program through the Mountain Home VAMC since August 2012. None of these records are in the file. Accordingly, on remand, efforts should be made to obtain a complete copy of the Veteran's VA treatment records. See 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159. 

The Veteran was granted Social Security disability, effective February 2007, in July 2010. Although the decision is based mainly on the Veteran's physical ailments, for which he is not service-connected, there may be additional records in SSA's possession that are pertinent to the Veteran's claim. It is the duty of the VA to assist a Veteran in obtaining records from all Federal agencies. See 38 U.S.C.A. § 5103A. 

The Veteran was afforded a VA examination in June 2009. Although he has not stated that his symptoms have increased, the evidence shows that he has undergone the PRRP inpatient treatment program at the Lexington VAMC a second time, in the fall of 2011. Additionally, his social worker's letter indicates that he is in the MHICM and receiving services at home due, in part, to the severity of his illness. This evidence suggests that his PTSD symptomatology may have worsened since June 2009, and a current VA examination should be conducted. As such, once the foregoing development has been accomplished, the Veteran should be provided a contemporaneous VA examination to assess the current nature, extent, and severity of his PTSD. See Palczewski v. Nicholson, 21 Vet. App. 174, 181 (2007); Snuffer v. Gober, 10 Vet. App. 400, 403 (1997). 

Finally, the Veteran is seeking a temporary total rating under 38 C.F.R. § 4.29 due to his inpatient treatment in the PRRP from May to June 2009. However, he has not been provided a VCAA letter as to this claim, or as to the TDIU claim. This should be accomplished on remand.

Accordingly, the case is REMANDED for the following action:

1. Send a VCAA notice letter to the Veteran and his representative regarding (a) the claim for a TDIU, and 
(b) the claim for a temporary total evaluation under 38 C.F.R. § 4.29 for the period from May 12, 2009, through June 23, 2009.

2. Request from the SSA complete copies of any disability determination(s) it has made concerning the Veteran and copies of the medical records that served as the basis for any such decision(s). If these records are not available, a negative reply is required.

3. Contact the Veteran and request that he identify any additional treatment he has received for PTSD, especially from October 2009 to July 2011 and from October 2011 to the present. The RO/AMC should take appropriate steps to secure copies of any such treatment reports identified by the Veteran which are not already in the record on appeal, to include all relevant records from the VA hospitals in Mountain Home, Tennessee; Salisbury, North Carolina; Bedford, Massachusetts; and Jamaica Plain, Massachusetts. Efforts to obtain these records should be memorialized in the Veteran's VA claim file. If any such records cannot be found, or if they do not exist, the RO should request specific confirmation of that fact and make a formal finding of such unavailability.

4. When the above has been accomplished, schedule the Veteran for a VA psychiatric examination. The entire claims file and a copy of this remand must be made available to the VA examiner, who is asked to review both the records and the Veteran's lay statements, and to conduct an appropriate examination including all studies and tests indicated. 

The VA examiner is asked to identify what symptoms the Veteran currently manifests or has manifested in the recent past that are attributable to his service-connected PTSD. The VA examiner is asked to conduct a detailed mental status examination. The VA examiner must also discuss the effect, if any, of the Veteran's PTSD on his social and industrial adaptability. A Global Assessment of Functioning (GAF) score should be assigned and explained. 

The VA examiner is also asked to comment on whether the Veteran's PTSD renders him unable to secure or follow a substantially gainful occupation. In making this determination, consideration may be given to the Veteran's level of education, special training, and previous work experience, but factors such as age or impairment caused by nonservice-connected disabilities are not to be considered.

The examiner must provide a comprehensive report including complete rationales for all opinions and conclusions reached.

5. After completion of the above, review the examination report. If the requested examination does not include adequate responses to the specific opinions requested, the report must be returned to the examiner for corrective action. 

6. Finally, readjudicate the Veteran's claims on appeal. If any claim remains denied, provide the Veteran and his representative with a supplemental statement of the case and allow an appropriate time for response

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2012).



_________________________________________________
P. M. DILORENZO
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2012).