Citation Nr: 1456910 
Decision Date: 12/31/14 Archive Date: 01/09/15

DOCKET NO. 10-24 484 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUES

1. Entitlement to service connection for sleep apnea.

2. Entitlement to a compensable disability rating for peptic ulcer disease with history of hiatal hernia. 


REPRESENTATION

Veteran represented by: Disabled American Veterans


WITNESSES AT HEARING ON APPEAL

The Veteran and his wife




ATTORNEY FOR THE BOARD

J. J. Tang, Associate Counsel


INTRODUCTION

The Veteran served on active duty from February 1978 to December 1994. 

This case is before the Board of Veterans' Appeals (Board) on appeal from an October 2009 rating decision by a Regional Office (RO) of the Department of Veterans Affairs (VA). 

A request for a total disability rating based on individual unemployability (TDIU) due to service-connected disability, whether expressly raised by a claimant or reasonably raised by the record, is part of a claim for an increased rating. There must be cogent evidence of unemployability in the record. Rice v. Shinseki, 22 Vet. App. 447 (2009) (citing Comer v. Peake, 552 F.3d 1362 (Fed. Cir. 2009)). The Board acknowledges that the Veteran's service-connected gastrointestinal disability impacts the Veteran's ability to work. See e.g., June 2009 Veteran statement. However, there is no indication in the record that the Veteran is unable to obtain or follow a substantially gainful occupation as a result of his service-connected disabilities. Accordingly, TDIU has not been raised by the record and is not before the Board. 

The Board notes that the Veteran's June 2010 substantive appeal limited the appeal to the issues addressed in this remand. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.



 (CONTINUED ON NEXT PAGE)
REMAND

Regarding the Veteran's peptic ulcer disease, the Veteran was last afforded a VA examination in May 2009, in which the examiner noted vomiting as often as two times per week, diarrhea, and frequent episodes of regurgitation during meals. The examiner did not note difficulty swallowing or difficulty breathing. Since the May 2009 VA examination, the Veteran has reported symptoms of difficulty breathing and difficulty swallowing in that food gets stuck in the center of his chest. See July 2014 Board hearing transcript at p. 9-10. The Veteran has also reported regurgitation several times a week, sometimes a couple times per day. See July 2014 Board hearing transcript at p. 7. Because the Veteran has not been examined since May 2009, the Veteran indicates a worsening of symptoms, and the Veteran indicates new symptomatology not present at the prior VA examination, a new VA examination is warranted to determine the current nature and severity of the service-connected peptic ulcer disease. See Snuffer v. Gober, 10 Vet. App. 400, 403 (1997). 

Regarding sleep apnea, the VA treatment records show that during the appeal period the Veteran has been diagnosed with sleep apnea and prescribed a CPAP machine based on review of an October 2009 private sleep study report. See February 2014 and June 2014 VA treatment records. Further, the service treatment records show in-service complaints of trouble sleeping. See December 1992 service treatment record (showing assessment of periodic sleep disturbance); October 1994 Report of Medical History. Accordingly, a VA medical opinion should be obtained to determine the etiology of sleep apnea. See McLendon v. Nicholson, 20 Vet. App. 79, 81 (2006). The October 2009 private sleep study report is outstanding, and attempts should be made to obtain this sleep study report. 38 C.F.R. § 3.159. 

Accordingly, the case is REMANDED for the following action:

1. Contact the Veteran and request that he provide information as to any outstanding records pertinent to sleep apnea and the gastrointestinal disability, to include relevant updated treatment records from Dr. R.B. from May 2009 to present. (For full name, see Medical Treatment Record - Non Governmental Facility, uploaded to VBMS on June 26, 2009).

The Veteran should be asked to submit or authorize the release of any outstanding pertinent non-VA medical records, specifically to include the October 2009 sleep study report from Riverside Medical Center. 

2. Obtain VA treatment records from September 2014 to present. 

3. After completing the above development, schedule the Veteran for a VA examination to determine the current nature and severity of the Veteran's service-connected peptic ulcer disease.

After performing all necessary testing, the examiner is asked to provide an opinion as to the current nature, severity, and all symptoms of the Veteran's service-connected gastrointestinal disability. In so doing, the examiner is asked to address the following:

a. The frequency, duration, and severity of the Veteran's symptoms. 

b. Whether there is stricture of the esophagus, and the severity thereof. 

c. Whether the difficulty breathing that the Veteran has expressed is related to the service-connected peptic ulcer disease.
 
The examiner is asked to explain the reasons behind any opinions expressed and conclusions reached. 
4. Afterwards, obtain a VA medical opinion to determine the etiology of the Veteran's sleep apnea. Make the claims file available to the examiner for review of the case. The examiner is asked to note that this case review took place. 

The examiner is asked to provide an opinion as to whether it is at least as likely as not (probability of 50 percent) that the Veteran's sleep apnea first manifested in and/or is etiologically related to service. 

 The examiner's attention is invited to the following:

a. The October 1994 Report of Medical History in service treatment records showing the Veteran's report of frequent trouble sleeping in service. 

b. The December 1992 service treatment record showing complaints of difficulty sleeping and assessment of periodic sleep disturbance. 

c. The Veteran's reports of symptoms in service such as waking at night and feeling tired during waking hours. See e.g., June 2010 Veteran statement.

d. The Veteran's report of his ex-wife's letter in 1989 or 1990, in which she reported that throughout their years of marriage, the Veteran awakened several times, gasping for air, and could not sleep. See July 2014 Board hearing transcript at p. 4, uploaded to Virtual VA, September 17, 2014.

The examiner is asked to explain the reasons behind any opinions expressed and conclusions reached. The examiner is reminded that the term "as likely as not" does not mean "within the realm of medical possibility," but rather that the evidence of record is so evenly divided that, in the examiner's expert opinion, it is as medically sound to find in favor of the proposition as it is to find against it.

5. Complete the above development and any additional development that is deemed warranted. Then, readjudicate the claims on appeal, to include a review all evidence received since the April 2010 statement of the case, and furnish the Veteran and his representative a supplemental statement of the case if either matter is not resolved to the Veteran's satisfaction. Provide an opportunity to respond before the claims are returned to the Board. 

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
Bethany L. Buck
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).