Citation Nr: 1456907 
Decision Date: 12/31/14 Archive Date: 01/09/15

DOCKET NO. 10-11 981 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in New York, New York


THE ISSUES

1. Entitlement to a rating in excess of 10 percent for residuals of a left thumb injury with small hardware in place.

2. Entitlement to a compensable rating for plantar fasciitis, left foot.


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

A.M. Clark, Counsel




INTRODUCTION

The Veteran served on active duty from June 2004 to June 2008. 

This case comes before the Board of Veterans' Appeals (Board) on appeal from a September 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in New York, New York. 

The Board has not only reviewed the Veteran's physical claims file, but also the Veteran's file on the 'Virtual VA' system to insure a total review of the evidence.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

With respect to the Veteran's claims for increased ratings, the Veteran was last afforded VA examinations in June 2011. 

More importantly, the Veteran has indicated that his conditions have worsened since his last VA examinations. See October 2011 VA Form 646 (noting that disabilities had increased in severity) and November 2014 Appellant's Brief (indicating Veteran is now limping at times). Unfortunately, there are no treatment records available in the claims file to assist in rating the Veteran's disabilities. 

As such, the Board finds that the Veteran should be afforded new VA examinations in order to determine the current nature and severity of his service-connected plantar fasciitis and thumb. See Snuffer v. Gober, 10 Vet. App. 400, 403 (1997).

While on Remand any additional VA and private treatment records should be associated with the claims file. 

Accordingly, the case is REMANDED for the following actions:

1. Contact the Veteran and obtain the names, addresses and approximate dates of treatment for all medical care providers, VA and non-VA, who treated the Veteran for his claimed disabilities. After securing any necessary authorization from him, obtain all identified treatment records. In order to expedite the case, the Veteran may wish to submit all of these records to the RO/AMC himself.

2. Following the development in Remand paragragh 1, schedule the Veteran for a VA examination to determine the nature and severity of his service-connected plantar fasciitis. The Veteran's claims file should be provided to the examiner. The examiner should obtain a detailed clinical history from the Veteran. All pertinent pathology found on examination (if any) should be noted in the report of the evaluation. Any testing deemed necessary should be performed. Any opinion(s) offered should be accompanied by a clear rationale consistent with the evidence of record. 
 
3. Following the development in Remand paragragh 1, schedule the Veteran for a VA examination to determine the nature and severity of his service-connected residuals of a left thumb injury with small hardware in place. The Veteran's claims file should be provided to the examiner. The examiner should obtain a detailed clinical history from the Veteran. All pertinent pathology found on examination (if any) should be noted in the report of the evaluation. Any testing deemed necessary should be performed. Any opinion(s) offered should be accompanied by a clear rationale consistent with the evidence of record. 

The VA examiner should additionally note if there are any associated scars and a detailed skin examination should be completed.

4. After completing the above, and any other development deemed necessary, readjudicate the issues currently on appeal with consideration of all applicable laws and regulations. If any benefit sought on appeal remains denied, issue the Veteran and his representative a supplemental statement of the case and allow the appropriate time for response. Then, return the case to the Board.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
JOHN J. CROWLEY
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).