Citation Nr: 1527857 
Decision Date: 06/29/15 Archive Date: 07/09/15

DOCKET NO. 11-17 012 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Louis, Missouri


THE ISSUES

1. Entitlement to an initial evaluation in excess of 30 percent for posttraumatic stress disorder (PTSD) with secondary alcohol abuse and dysthymic disorder.

2. Entitlement to a compensable rating for bilateral hearing loss.


REPRESENTATION

Appellant represented by: Military Order of the Purple Heart of the U.S.A.


WITNESSES AT HEARING ON APPEAL

Appellant and his spouse


ATTORNEY FOR THE BOARD

L. Stepanick, Associate Counsel


INTRODUCTION

The Veteran served on active duty from July 2003 to July 2007.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a June 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO).

In June 2013 the Veteran and his spouse testified at a Video Conference hearing before the undersigned Veterans Law Judge. A transcript of the hearing is of record.

In November 2014, the Board remanded the current issues for further evidentiary development.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Although the Board regrets the additional delay, it finds that further development is necessary prior to adjudication of the Veteran's claims.

The Veteran's claim for an increased rating for bilateral hearing loss was previously remanded in part to obtain a VA medical opinion that addressed the disparity between the speech recognition results documented during an October 2012 VA examination and those reported by a private audiologist in June 2013. In January 2015, a VA audiologist acknowledged the request for that opinion, but stated that the level at which the Veteran was tested in 2013 was in question, as it was not on the private evaluation. She explained she could not provide an opinion because she did not perform the other two tests and was not there to determine if the disparity was due to the tester environment, the level of testing, testing methods, or some other reason. However, in February 2015, additional records from the private audiologist who conducted the 2013 examination were associated with the claims file. Those records include the full audiological report, the results of which were cited in June 2013, and contain more detailed information regarding the speech recognition testing conducted. In light of the discussion provided by the VA examiner in January 2015, the Board finds that an addendum opinion that addresses the more detailed 2013 private audiological report now associated with the claims file is necessary.

Turning to the claim for an initial evaluation in excess of 30 percent for PTSD, the Veteran was last afforded a VA examination to assess the severity of his symptoms in October 2012. Some of the private psychiatric treatment records obtained on remand suggest, and the Veteran, through his representative, has recently asserted, that his symptoms may have worsened since that time. Accordingly, the Board finds that remand for an additional VA examination is warranted. See Caffrey v. Brown, 6 Vet. App. 377, 381 (1994); Snuffer v. Gober, 10 Vet. App. 400 (1997).

Finally, as the claims are already being remanded for other reasons, and as one of the private facilities the Veteran previously identified as having provided him with treatment did not respond to a prior request for records, an additional attempt should be made to obtain those records. Updated VA treatment records should also be associated with the claims file.

Accordingly, the case is REMANDED for the following action:

1. Ask the Veteran to complete another authorization form to permit VA to request treatment records from Piper Hill Family Medicine. After securing the necessary release, request the Veteran's treatment records from that facility.

In addition, obtain relevant VA treatment records from November 2014 to the present. If any requested records cannot be obtained, the Veteran and his representative should be notified of such.

2. After the above has been completed to the extent possible, schedule the Veteran for a VA psychiatric examination to determine the current severity of his service-connected PTSD. The claims file should be made available to and reviewed by the examiner. Any tests deemed necessary should be conducted, and all clinical findings should be reported in detail. The examiner should address all symptomatology of the Veteran's PTSD and its impact on his occupational and social functioning.

3. Return the claims file to the January 2015 VA audiological examiner, if available, to obtain an addendum opinion. If that examiner is not available, the opinion should be sought from another audiologist. If the examiner determines a new examination is needed to respond to the question posed, one should be scheduled. Following review of the claims file, including the October 2012 and January 2015 VA examination reports and the medical treatment records from Hearing Health Care, Inc., documenting the audiological testing conducted May 30, 2013 [in VBMS under the entry "02/05/2015 Medical Treatment Record - Non-Government Facility" at page 12 of 16], the examiner should address whether the speech recognition results reported in May 2013 indicate a difference in testing methods or an actual worsening of speech recognition during that period. A rationale for the opinion reached should be provided.

4. After completing the requested actions, and any additional action deemed warranted, the AOJ should readjudicate the claims on appeal. If the benefits sought on appeal remain denied, the Veteran and his representative should be furnished a supplemental statement of the case and given the opportunity to respond thereto. The case should then be returned to the Board for further appellate consideration, if in order.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
K. A. BANFIELD
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).