Citation Nr: 1546217 
Decision Date: 10/30/15 Archive Date: 11/10/15

DOCKET NO. 12-06 249 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Nashville, Tennessee

THE ISSUES

1. Entitlement to an initial compensable rating for chronic sinusitis.

2. Entitlement to service connection for a lung disorder, to include COPD and calcific and fibrotic residuals of a remote inflammatory process. 


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

Steve Ginski, Associate Counsel


INTRODUCTION

The Veteran had active service in the U.S. Army from June 1960 to June 1962.

These matters come to the Board of Veterans' Appeals (Board) on appeal from an April 2011 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Nashville, Tennessee, that granted service connection and assigned an initial noncompensable rating for chronic maxillary sinusitis and denied service connection for a lung condition (claimed as chronic scar/calcified lung). 

In August 2014, the Board remanded these claims for additional development, to include the procurement of outstanding medical treatment records and additional VA examinations and opinions. The matter is now properly returned to the Board for appellate consideration. The Board's August 2014 remand also addressed the Veteran's claim for service connection for left testicular atrophy, claims as left testicle removal. In a December 2014 rating decision, the RO awarded service connection for this condition. Accordingly, it is no longer on appeal before the Board.

The Veteran alleges he has a lung condition, claimed as a "chronic scar/calcified lung" in his December 2010 claim. Throughout the pendency of the appeal, the RO has adjudicated this claim as one for service connection for residuals of an in-service inflammatory process. A review of the record, however, reflects another lung disorder diagnosis, namely, chronic obstructive pulmonary disorder (COPD). The Board notes that the Veteran has described his lung condition as productive of shortness of breath and tightness in the chest. Thus, pursuant to the United States Court of Appeals for Veterans Claims (Court) in Clemons v. Shinseki, 23 Vet. App. 1 (2009), the Board has characterized the Veteran's claim as a claim of service connection for a lung disorder, to include COPD and calcific and fibrotic residuals of a remote inflammatory process. 

REMAND

A remand is necessary for the Veteran's claim for an increased initial disability rating for chronic sinusitis so that VA can meet its duty to assist the Veteran in obtaining evidence to substantiate his claim by providing an examination to assess the current severity of this condition. 38 U.S.C.A. § 5103A (West 2014); 38 C.F.R. § 3.159(c) (4) (2015).

In a July 2014 written brief, the Veteran's representative asserted that the Veteran's chronic sinusitis had progressively worsened since his last examination. The Veteran last underwent a VA examination in April 2011, more than 4 years ago. 

In light of the foregoing, the Board finds that a VA examination is warranted to ascertain the current severity of the Veteran's service-connected chronic sinusitis. Palczewski v. Nicholson, 21 Vet. App. 174, 181 (2007); Snuffer v. Gober, 10 Vet. App. 400, 403 (1997); VAOPGCPREC 11-95 (1995) (VA examination required in increased rating claim where Veteran asserts condition worsened since most recent VA examination).

Next, regarding the Veteran's lung condition, to explain the basis of the remand, the Board must list the factual history of the case. In his December 2010 claim, the Veteran stated that he had a lung condition, claimed as a "chronic scar/calcified lung". 

The Veteran's service treatment records contain findings from April 1962 x-ray images, which reveal calcific and fibrotic residuals of a remote inflammatory process in the Veteran's lungs. However, no active lung disease was noted. 

VA treatment records from May 2010 document the Veteran relating a history of abnormal lung findings, with the first diagnoses in the 1970's. The Veteran related that multiple studies had been done and that he was regularly monitored for this condition. September 2010 private treatment records document x-ray images of the Veteran's lungs, which reveal fibrocalcific densities but with no significant nodules seen. The attending physician also noted a previously recorded elliptical density at the right infrahilar level, which had remained unchanged in comparison with a previous examination conducted in 2007. The attending physician reached an impression of COPD and post inflammatory pulmonary changes. 

VA first afforded the Veteran an examination for his lungs in April 2011. During the clinical interview, the Veteran reported a history for shortness of breath. The Veteran also reported being treated for chest tightness since the 1970's. The examiner noted no history of non-productive cough, non-anginal chest pain, hemoptysis, fever, anorexia, night sweats, respiratory failure, cor pulmonale, right ventricular hypertrophy, pulmonary hypertension, chronic pulmonary mycosis, sleep apnea, pulmonary embolism, or pleurisy with empyema. A cardiac examination showed no evidence of congestive heart failure or pulmonary hypertension. The pulmonary examination showed no evidence of abnormal breath sounds. No chest x-ray was conducted, but the examiner reviewed multiple studies in of record which indicated the presence of old granulomatous disease, which was the same condition noted in the chest radiograph in the Veteran's service. 

In the diagnosis and opinion portion of his report, the examiner diagnosed the Veteran with chronic scar/calcification of the lung, also known as old granulomatous disease. The examiner explained that this condition is not regarded as a disease of the lung, either presently or at the time the condition as first documented in service. The condition manifested as a residual scarring of lung tissue caused by a transient infection in the lung, typically fungal or mycobacterial in origin. The infection would clear from the lung and "old" scarring/granulomatous changes would be visible "some years later." Regarding the Veteran's separately diagnosed COPD, the examiner found that condition and the resulting right lung density documented in records since 2002 were not due to or caused by the chronic scar/calcifications or any other condition related to service. 

Next, in November 2011, the RO received an opinion letter from Dr. E.M. in which she indicated that she had reviewed the Veteran's service medical records and current medical records and opined that the Veteran suffered from residual complication from lung inflammation and calcification and fibrosis in the lung. She furthered that it was as likely as not that the Veteran's current lung condition is related to his lung condition in service. 

Private treatment records from April 2013 document x-ray images of the Veteran's lungs which corroborate the same findings regarding the Veteran's lungs as earlier in the claim and appeal period. 

As noted above, the Board remanded this claim for a new examination and opinion in August 2014. Pursuant to that remand, a VA examiner provided a medical opinion in a December 2014 disability benefits questionnaire. After a review of the Veteran's claims file, the examiner agreed with the findings of the April 2011 VA examination by finding that the Veteran's claimed condition was less likely than not incurred in or caused by an in-service injury, event, or illness. As rationale, the examiner appeared to copy the contents of the April 2011 VA medical opinion verbatim. 

The Veteran was afforded a new examination in September 2015. The Veteran was diagnosed with COPD and calcific and fibrotic residuals of a remote inflammatory process. The examiner confirmed that the latter finding was from April 1962, the date of the Veteran's in-service x-ray that revealed the residual scarring in the lungs. X-ray images were obtained of the Veteran's lungs at this time, and they revealed scattered calcified granulomas in the lungs. The interpreting staff rendered an impression of no radiographic evidence for acute cardiopulmonary process. In an accompanying disability benefits questionnaire, the examiner found that the Veteran's calcific and fibrotic residuals of a remote inflammatory process presently noted were the same as recorded in 1962. However, there was not an active lung disease during the examination. 

As prompted by the August 2014 remand, the examiner discussed the November 2011 opinion from Dr. E.M., explaining that the private physician's findings of "residual complication from lung inflammation and ... calcification in the lung" only confirms that the Veteran has an abnormal chest x-ray. Essentially, with all pulmonary function studies showing normal symptoms aside from residuals from the in-service inflammatory process, the examiner opined that the Veteran did not have a significant complication from the post-inflammatory changes and calcification of the lungs during his active service. 

In remanding this claim again, the Board notes that the 2015 examiner did not render an opinion regarding the etiology of the Veteran's COPD, and while the April 2011 and December 2014 VA examiners opined that COPD was not related to the Veteran's service, no rationale was provided in support of those opinions. As such, the Board is not able to render an opinion on the Veteran's claim for service connection because the record is inadequate for adjudication purposes. On remand, an examination and opinion should be procured that addresses all current lung conditions that the Veteran has had over the pendency of his appeal. 

Accordingly, the case is REMANDED for the following action:

1. Schedule the Veteran for a VA examination to determine the current level of impairment, if any, of the Veteran's service-connected chronic sinusitis. 

The examiner's report should fully set forth all current complaints and pertinent clinical findings. 

The entire claims file must be made available to the examiner, and the report should include discussion of the Veteran's documented medical history and assertions.

2. Ensure that the Veteran is scheduled for appropriate VA examination for his lung conditions. The claims file must be provided to the examiner, the examiner must review the claims file in conjunction with the examination, and the examiner must annotate his or her report as to whether the claims file was reviewed. 

The examiner should identify any and all lung disorders the Veteran has had at any time since he filed his claim in December 2010. The examiner is asked to provide an opinion as to whether it is at least as likely as not (a 50 percent or greater probability) that any diagnosed lung disorder, specifically COPD, had onset during the Veteran's active service or was caused by his active service. 

3. Thereafter, readjudicate the claims. If any benefit sought on appeal remains denied, the Veteran and his representatives should be provided a supplemental statement of the case (SSOC). The SSOC must contain notice of all relevant actions taken on the claim for benefits, to include a summary of the evidence received, and any evidence not received, and all applicable laws and regulations considered pertinent to the issue currently on appeal. A reasonable period of time should be allowed for response. After the Veteran has had an adequate opportunity to respond, the appeal should be returned to the Board for appellate review.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). 
This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).


_________________________________________________
GAYLE E. STROMMEN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).