Citation Nr: 1546205 
Decision Date: 10/30/15 Archive Date: 11/10/15

DOCKET NO. 07-09 326 ) DATE
 )
 )

Received from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia


THE ISSUE

Entitlement to an initial rating in excess of 10 percent for hypertension. 




REPRESENTATION

Appellant represented by: Georgia Department of Veterans Services




ATTORNEY FOR THE BOARD

J. Andrew Ahlberg, Counsel



INTRODUCTION

The Veteran served on active duty from July 1980 to August 1992 and February 2003 to June 2003. 

This case was previously before the Board of Veterans' Appeals (Board) on appeal from an April 2005 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Atlanta, Georgia. The case was remanded by the Board in July 2010, October 2014, and June 2015. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

This appeal was processed using the Virtual VA (VVA) and Virtual Benefits Management System (VBMS) paperless claims processing systems.

REMAND

Although the Board regrets the additional delay in the adjudication of the claim on appeal, and finds that the development with respect to obtaining records requested in the October 2014 and June 2015 remands has been accomplished to the extent possible, another remand is necessary to ensure that due process is followed and to obtain a complete record upon which to decide this claim so that the Veteran is afforded every possible consideration. 38 U.S.C.A. § 5103A (West 2014); 38 C.F.R. § 3.159 (2015).

The Veteran was last afforded a VA compensation examination to assess the severity of his hypertension over 2 and one half years ago in April 2013, and review of the record subsequent to this examination suggests continuing elevated, particularly diastolic, blood pressure readings (see eg. October and November 2014 VA clinical records reflecting blood pressure of 136/98 and 139/95) and potentially worsening disability due to hypertension (see eg. August 20, 2014, VA clinical records attributing problems with dizziness and imbalance to hypertension.) 

Given the above, the Board finds the current record to be inadequate to determine the proper rating to be assigned for the service connected hypertension and that a new VA examination is thus necessary to determine the current severity of this disability. See Snuffer v. Gober, 10 Vet. App. 400 (1997); Caffrey v. Brown, 6 Vet. App. 377 (1994); VAOPGCPREC 11-95 (1995).

Accordingly, the case is REMANDED for the following action:

1. Arrange for a VA examination to assess the severity of the service connected hypertension. The Veteran's electronic record, to include a copy of this Remand, must be made available to the examiner for review in connection with the examination. A notation to the effect that this review has taken place should be made in the evaluation report. All indicated tests should be conducted, and the reports of any such studies should be incorporated into the examination report to be associated with the claims file. In particular, the examiner must make specific findings consistent with the rating criteria for hypertension listed under 38 C.F.R. § 4.104 Diagnostic Code 7101 (2015).

2. After completing the action requested above, and any additional development deemed warranted, the AOJ is to re-adjudicate the claim for an increased initial rating for hypertension. To the extent this adjudication does not result in a completely favorable resolution of the claim on appeal, the Veteran and his representative should be issued a supplemental statement of the case that includes clear reasons and bases for all determinations, and they should be afforded the appropriate time period for response before the claims file is returned to the Board for further appellate consideration. 

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
MARJORIE A. AUER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).