Citation Nr: 1607913 
Decision Date: 02/29/16 Archive Date: 03/04/16

DOCKET NO. 08-31 010 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUES

1. Entitlement to an initial disability rating in excess of 30 percent for posttraumatic stress disorder (PTSD).

2. Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU). 


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

The Veteran



ATTORNEY FOR THE BOARD

Andrew Hinton, Counsel


INTRODUCTION

The Veteran had active service from September 1966 to September 1973. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an April 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas. In that decision the RO granted service connection for PTSD and assigned an initial 30 percent disability rating, effective from December 9, 2009. The Veteran perfected an appeal as to the disability rating assigned. 

In August 2015, the Board remanded the case regarding the PTSD claim in order to provide the Veteran a requested video conference hearing. In December 2015, the Veteran testified at the RO before the undersigned Veterans Law Judge by video conference hearing. 

The appeal is REMANDED to the agency of original jurisdiction. VA will notify the appellant if further action is required.


REMAND

During the December 2015 Board hearing, by way of his representative, the Veteran stated that his PTSD has gotten progressively worse over time. The Veteran testified that he thought he was most bothered by dreams he has, which relate to service including one in which a wounded soldier lying next to him dies. He stated that he has that dream most nights. He also testified that he normally sleeps about five hours per night, and that he takes medication for his PTSD and for depression or moods. The Veteran also testified that he had problems with anger management and anxiety, and that he does not like to be around crowds.

The Veteran asserted that his last VA examination in January 2015 with a VA psychologist was not adequate. The Veteran, through his representative stated, that the examiner said some things at the examination that were not really accurate with respect to employability; and the Veteran through his representative also indicated that his PTSD had become worse since the January 2015 VA examination.

The Veteran also testified that he was unable to work due to his PTSD; and that he last worked five years before, and had to leave his job as a correctional officer because of his PTSD related anger. The Veteran also testified that he was not able to work mainly as a result of his service-connected PTSD and sleep apnea in combination with other service connected disabilities. 

Previously, in October 2014, the Veteran had submitted a VA Form 21-8940, Veteran's Application For Increased Compensation Based On Unemployability, claiming entitlement to TDIU, and on file there is an associated VA Form 21-526EZ, reflecting that the Veteran received appropriate notice of VA's duty to notify due under 38 C.F.R. § 3.159(b) (2015) regarding the claim of entitlement to a TDIU due to service-connected disability. 

In a February 2015 rating decision the RO denied entitlement to TDIU. The Veteran did not appeal that decision. Nonetheless, in the context of the present rating claim on appeal, on review of the evidence of record, the Board determines that it has jurisdiction to consider the issue of entitlement to TDIU pursuant to Rice v. Shinseki, 22 Vet. App. 447 (2009).

The report of the January 2015 VA examination shows that the Veteran reported that he was attending PTSD group treatment and receiving medical care at the VA Community Based Outpatient Clinic in Cedar Park, Texas. The examiner did not discuss any details regarding the reports of that treatment and he may not have had access to VA treatment records submitted by the Veteran at the later Board hearing in December 2015. However, on file are VA treatment records showing psychiatric treatment dated from April 2010 to December 2014, including involvement with PTSD groups in Cedar Park, Texas, and one on one treatment visits with clinical psychologists.

At the January 2015 VA examination, the examiner concluded with an opinion regarding the severity of the Veteran's PTSD, that the level of occupational and social impairment due to his PTSD was best summarized as "occupational and social impairment due to mild or transient symptoms that decrease work efficiency and ability to perform occupational tasks only during periods of significant stress; or symptoms controlled by medication." 

Review of the clinical record reflected in the foregoing suggests the possibility of a worsening of the Veteran's service-connected PTSD since the last VA examination in January 2015. If a claimant asserts that the disability in question has increased in severity since the most recent rating examination, an additional examination may be appropriate. Caffery v. Brown, 6 Vet. App. 377 (1995); see also VAOPGCPREC 11-95 (1995). Given the foregoing, a new examination should be scheduled to evaluate the current severity of the Veteran's service-connected PTSD. See Palczewski v. Nicholson, 21 Vet. App. 174, 181-82 (2007); Snuffer v. Gober, 10 Vet. App. 400, 403 (1997).
 
Given that the claim for TDIU is inextricably intertwined with the claim for a higher initial disability rating for PTSD, these claims must be adjudicated together. 

In light of the remand, the RO must seek to obtain all available VA or other treatment records not on file and associate any obtained with the record.

Accordingly, the case is REMANDED for the following actions:

1. Ask the Veteran to identify all VA and private medical care providers who have evaluated or treated him for his PTSD. Obtain any outstanding relevant VA or private treatment records indicated; and ensure that all existing VA treatment records and any private treatment records obtained are associated with the claims file.

2. After completion of the above, schedule the Veteran for a VA psychiatric examination by an appropriate medical professional in order to determine the severity of the Veteran's PTSD. The entire claims file must be made available and reviewed by the examiner. 

The examiner must perform all indicated tests, studies, and mental status examination necessary for a complete evaluation of the service-connected PTSD. The examiner must identify all of the Veteran's psychiatric symptoms; indicate the frequency, severity, or duration of those symptoms; and opine as to the extent to which the PTSD impacts on the Veteran's ability to work. 

The examiner must comment on the impact of the service-connected PTSD, alone or in combination with the Veteran's other service-connected disabilities, on his ability to secure and follow substantially gainful employment. 

Note that the Veteran's other service-connected disabilities consist of: obstructive sleep apnea associated with right chin and mandible sensory neuropathy; right chin and mandible sensory neuropathy; tinnitus; disfiguring scar, right mandibular area, residual of shell fragment wound; disfiguring tracheostomy scar; retained foreign body, cervical spine; bilateral hearing loss; right chin scar from shell fragment wound; left iliac crest donor site scar; and loss teeth, numbers 1 through 7, 14 through 17, 19 through20, 24 through 29 and 31 through 32 with well-healed graft and suitable prosthesis.

A complete rationale or explanation must be provided for all opinions.

3. Finally, readjudicate the appeal, including the TDIU issue. Thereafter, if a benefit sought remains denied, the Veteran and his representative must be furnished a supplemental statement of the case and be given an opportunity respond; and then return the case to the Board for further appellate consideration.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This case must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




_________________________________________________
RYAN T. KESSEL
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).