**Jerry L. SNUFFER, Appellant,**

v.

**Hershel W. GOBER, Acting Secretary of Veterans Affairs, Appellee.**

**No. 96–268.**

United States Court of Veterans Appeals.

Sept. 24, 1997.

Jeffrey Wood, was on the brief, for appellant.

Mary Lou Keener, General Counsel; Ron Garvin, Assistant General Counsel; Adrienne Koerber, Deputy Assistant General Counsel; and Anthony F. Vergnetti, Washington, DC, were on the brief for appellee.

Before HOLDAWAY, IVERS, and STEINBERG, Judges.

IVERS, Judge.

The appellant appeals a February 29, 1996, decision of the Board of Veterans' Appeals (BVA or Board) denying entitlement to compensable ratings for service-connected bilateral hearing loss and postoperative residuals of a left inguinal hernia. *Jerry L. Snuffer*, BVA 96–04976 (Feb. 29, 1996). The Court has jurisdiction over this appeal pursuant to 38 U.S.C. § 7252(a). For the reasons set out below, the Court will affirm in part, and vacate and remand in part, the Board's February 1996 decision.

## I. FACTUAL BACKGROUND

The appellant served on active duty in the United States Navy from January 1961 to November 1964 and from November 1965 to February 1978. Record (R.) at 20, 73. In April 1974, the appellant underwent surgery to repair a left inguinal hernia. R. at 36–40. A follow-up examination in May 1975 showed that the hernia had "healed well" and that the appellant had "no complaints." R. at 37. Other than one medical report in August 1974 indicating that the hernia scar had reopened (R. at 41), there were no other clinical notations concerning postoperative residuals from the hernia operation.

During a VA examination in September 1987, the appellant was found to have mild

hearing loss. R. at 121–22. In November 1987, the VA regional office (RO) granted the appellant service connection for bilateral hearing loss, rated noncompensable, which the BVA affirmed in a decision issued on August 22, 1988. R. at 124–31.

In February 1989, the appellant underwent surgery for a recurrent left inguinal hernia. R. at 162–63. The appellant filed a claim for service connection for a hernia condition on September 12, 1990. R. at 147. During an October 1990 VA medical examination, the physician noted no evidence of hernia recurrence at that time. R. at 171. The same negative findings were reported in an April 1992 VA examination. R. at 210. In a rating decision issued on July 7, 1992, the RO granted service connection for postoperative residuals of a left inguinal hernia, rated noncompensable, and reaffirmed a noncompensable rating for bilateral hearing loss. R. at 212–13.

The appellant underwent an audiology examination on August 21, 1992, which revealed mild to severe hearing loss with 92% speech recognition in the left ear, and mild to moderately severe hearing loss with 92% speech recognition in the right ear. R. at 221–23. A September 15, 1992, decision by the RO continued the 0% rating for hearing loss. R. at 226. The appellant appealed his hearing loss rating to the BVA in October 1992. R. at 228. That claim remained dormant for two years while the appellant pursued other service connection claims with VA. See, e.g., R. at 218–19.

In July 1994, the appellant underwent treatment for left ear pain after complaining of itching and "build up" in his ear that apparently prevented him from wearing his hearing aid. R. at 283. On August 31, 1994, the RO issued a rating decision confirming the denial of a compensable rating for bilateral hearing loss, based upon the results from the August 1992 audiology examination. R. at 239–41. The RO also denied compensation for residuals from the hernia operation. *Id.* The appellant filed his substantive appeal with the Board on September 16, 1994. R. at 254–55. In a follow-up letter to VA dated December 27, 1994, the appellant stated:

I feel my hearing is getting worse. I can not hear [and] make out words when people talk to me. It is very imbarising [sic] when I wear my hearing aid. It causes my ear to get infected [and] run stopping up my hearing aid. I feel that my hearing is bad enough to at least warrant a 10% disability.

R. at 277.

In response to the appellant's complaints of pain associated with his hernia surgical scar (R. at 266), the RO scheduled a medical examination in March 1995. R. at 303–04. During that examination, the examining physician noted:

There is a[sic] oblique, very faint, surgical scar in the left groin area of indistinct length, very possibly 8–10 cm long. It is not tender, and it is movable. I can find no evidence of recurrence of his hernia.

R. at 303. Based upon this examination, the RO continued to deny a compensable evaluation for the postoperative residuals of the left inguinal hernia surgery. R. at 306–07.

The Board issued a final decision on February 29, 1996, denying compensable ratings for bilateral hearing loss and postoperative residuals. R. at 4–15. The appellant appealed that decision to this Court.

## II. ANALYSIS

### A. Duty to Assist Claim

The appellant argues that VA did not fulfill its duty to assist under 38 U.S.C. § 5107(a), because it failed to conduct a contemporaneous audiology examination before issuing the August 1994 RO rating decision denying him a compensable rating for bilateral hearing loss. Appellant's Brief (Br.) at 5–6. Under the statute, VA has a duty to assist a veteran who submits a well-grounded claim. *See also* 38 C.F.R. § 3.159 (1996); *Fleshman v. Brown,* 9 Vet.App. 548, 552 (1996). A claim for an increased rating is generally well grounded when an appellant indicates that he has suffered an increase in disability. *See Drosky v. Brown,* 10 Vet.App. 251, 254 (1997); *Proscelle v. Derwinski,* 2 Vet.App. 629, 631–32 (1992). The Court reviews de novo whether a claim is well grounded. *See Grivois v. Brown,* 6 Vet.App.

136, 139 (1994); *King v. Brown,* 5 Vet.App. 19, 21 (1993).

■ The appellant claims that the Board erred when it denied the increased rating claim based on the results from the August 1992 audiology examination, even though he had expressly complained of worsening ear problems in September and December of 1994. Appellant's Br. at 5–6.

In *Caffrey v. Brown,* 6 Vet.App. 377, 381 (1994), the Court held that the duty to assist "may, under appropriate circumstances, include a duty to conduct a thorough and contemporaneous medical examination." In that opinion, the Court stated that "VA regulations specifically require the performance of a new medical examination ... [when] 'evidence indicated there has been a material change in a disability or that the current rating may be incorrect.'" *Caffrey,* 6 Vet. App. at 381 (quoting 38 C.F.R. § 3.327(a)).

In this particular case, the appellant alleged that his hearing had worsened and that he was having trouble wearing his hearing aid because of an infection. R. at 277, 283. The ear infection appears to have been resolved on treatment (R. at 281, 283), but the appellant again claimed that his hearing had worsened since the August 1992 audiology examination, and the record does not show that he ever withdrew his claim. Under the circumstances of this case, where the appellant complained of increased hearing loss two years after his last audiology examination, VA should have scheduled the appellant for another examination. *See Allday v. Brown,* 7 Vet.App. 517, 526 (1995) ("where the record does not adequately reveal the current state of the claimant's disability and the claim is well grounded, the fulfillment of the statutory duty to assist requires a thorough and contemporaneous medical examination").

Citing VA General Counsel Precedent Opinion [hereinafter General Counsel opinion] No. 11–95, the Secretary argues that a new examination would not actually benefit the appellant. Secretary's Br. at 12. The Secretary argues that under the Court's holding in *Massey v. Brown,* 7 Vet.App. 204, 207–09 (1994), any new examination would be limited to an evaluation of the symptoms present at the time the appellant initiated his increased rating claim. Secretary's Br. at 12. He contends that since an examiner would have difficulty determining the exact level of hearing impairment that the appellant suffered at the time he filed his increased rating, "the Board must decide the ... disability rating on the basis of the current records." *Massey,* 7 Vet.App. at 208. Therefore, the Secretary argues, the August 1992 examination is the most reliable basis for the Board's decision. The General Counsel opinion, however, also provides:

> [A]n examination which was adequate for purposes of determination of the claim by the agency of original jurisdiction will ordinarily be adequate for purposes of the Board's determination, *except to the extent that the claimant asserts that the disability in question has undergone an increase in severity since the time of the examination.*

VA Gen.Coun. Prec. 11–95 at 10 (April 7, 1995) (emphasis added).

Accordingly, because of the facts in this case, the Court will remand the appellant's claim for an increased rating for hearing loss so that VA may afford the appellant an audiology examination to determine the current degree of hearing loss.

### B. Inadequate Examination Claim

■ With respect to his claim for a compensable rating for postoperative hernia residuals, the appellant argues that the Board erred when it relied on the medical examiner's 1995 diagnosis, made without the benefit of having reviewed the appellant's claims file at the time of the evaluation. Appellant's Br. at 7–9. The appellant contends that, without the claims file, the examiner was not equipped to determine whether the appellant's current pain was related to the hernia operation performed in 1974. *Id.* at 8.

In *Caffrey,* the Court held that "[t]he medical examination must consider the records of prior medical examinations and treatment in order to assure a fully informed examination." 6 Vet.App. at 381 (citing *Waddell v. Brown,* 5 Vet.App. 454 (1993)). The Secretary argues, citing General Counsel Precedent Opinion No. 20–95 and *Green v. Derwinski,* 1 Vet.App. 121, 123 (1991), that while

the Court has held that under certain circumstances, the statutory duty to assist includes the conduct of a thorough and contemporaneous medical examination that takes into account the records of prior medical treatment, the Court has never decided that in *every* case, a medical examiner must review all prior medical records before issuing a medical opinion or diagnosis. *Cf. Suttmann v. Brown,* 5 Vet.App. 127, 138 (1993) (Court held that where the record did not provide an adequate basis for adjudicating the veteran's claim, the duty to assist included the conduct of a thorough and contemporaneous medical examination that takes into account the records of prior medical treatment).

In any event, a compensable rating for postoperative residuals could be established in this case only if there were current postoperative recurrence of the hernia so that it was not reducible as described in 38 C.F.R. § 4.114, Diagnostic Code (DC) 7338 (1996), or if there were problems related to the scar tissue as described in 38 C.F.R. § 4.119, DC 7803–05 (1996). There is no medical evidence in the record showing that either condition exists. A review of the appellant's claims file in this case would not have changed the objective findings made during the March 1995 examination, because it found the appellant's current condition asymptomatic. R. at 303–04. *See Culver v. Derwinski,* 3 Vet.App. 292, 299 (1992).

### III.  CONCLUSION

For the foregoing reasons, the Court AFFIRMS in part and VACATES in part, the February 1996 decision of the Board and REMANDS for further adjudication consistent with this opinion.