Citation Nr: 1441513 
Decision Date: 09/17/14 Archive Date: 09/22/14

DOCKET NO. 13-30 943A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Montgomery, Alabama


THE ISSUES

1. Entitlement to a compensable rating for bilateral hearing loss.

2. Entitlement to service connection for an acquired psychiatric disability, to include posttraumatic stress disorder (PTSD).


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

Roya Bahrami, Associate Counsel




INTRODUCTION

The Veteran served on active duty from December 1952 to December 1956.

This matter comes before the Board of Veterans' Appeals (BVA or Board) on appeal from an June 2011 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Montgomery, Alabama.

The Board has recharacterized the PTSD claim as a generalized claim of service connection for a psychiatric disorder, to include PTSD, in order to comport with the holding in Clemons v. Shinseki, 23 Vet. App. 1 (2009), that a claim for PTSD is a claim for any psychiatric disorder.

The Board also notes that, in addition to the paper claims file, there is a paperless, electronic claims file (Virtual VA). The Board has reviewed the contents of the Virtual VA file in addition to the paper file in deciding this claim.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2002).

This appeal is REMANDED to the Agency of Original Jurisdiction (AOJ).


REMAND

A remand is required in this case to ensure that there is a complete record upon which to decide the Veteran's claims. VA has a duty to make reasonable efforts to assist a claimant in obtaining evidence necessary to substantiate the claim for the benefits sought, unless no reasonable possibility exists that such assistance would aid in substantiating the claim. 38 U.S.C.A. § 5103A(a) (West 2002 & Supp. 2013); 38 C.F.R. § 3.159(c), (d) (2013).
 
Regarding the Veteran's claim for a compensable evaluation for hearing loss, the Veteran has asserted that his hearing loss is "much more severe than [the] VA doctor noted." See October 2013 formal appeal. The Veteran's hearing loss disability has not been evaluated since September 2010, approximately 4 years ago. 

When a claimant alleges that a service-connected disability has worsened since the last examination, a new examination may be required to evaluate the current degree of impairment. See Snuffer v. Gober, 10 Vet. App. 400, 403 (1997); see also Allday v. Brown, 7 Vet. App. 517, 526 (1995) (where the record does not adequately reveal current state of claimant's disability, fulfillment of statutory duty to assist requires a contemporaneous medical examination - particularly if there is no additional medical evidence that adequately addresses the level of impairment of the disability since the previous examination); Caffrey v. Brown, 6 Vet. App. 377, 381 (1994) (the Board should have ordered a contemporaneous examination of the Veteran because a 23-month old examination was too remote in time to adequately support the decision in an appeal for an increased rating). 

While a new examination is not required simply because of the time which has 
passed since the last examination, VA's General Counsel has indicated that a new examination is appropriate when there is an assertion of an increase in severity since the last examination. VAOPGCPREC 11-95 (1995). Consequently, a new VA audio examination is warranted for the purpose of determining the current severity of the Veteran's disability.

The Veteran asserts he has PTSD resulting from witnessing the following alleged injuries and deaths of pilots on 3 separate occasions while stationed at Bergstrom Air Force Base in Austin, Texas. In August 1953, the Veteran was watching a flyby when two jet planes collided and a pilot was killed on ground contact. In November 1955, he saw a crew chief was caught on fire and saw that "his face, hair and hands were terribly burned." The Veteran learned that he later died in the hospital. In October 1956, a pilot the Veteran knew "fairly well" died while performing touch and go maneuvers on a jet plane. In reply to a January 2011 letter from the RO, the Veteran reported that he did not know the names of the pilots killed.

The Veteran has provided sufficient information to warrant a research request to the Joint Services Records Research Center (JSRRC) to assist in verifying the Veteran's account of stressors during active service. No development has been initiated on the basis of the Veteran's statement, which was submitted in July 2010. In fact, in a June 2014 memorandum, a formal finding was made on a lack of information required to verify the claimed stressors in connection with the PTSD claim. In particular, the memorandum noted that the information required to verify the claimed stressors was insufficient to send to the JSRRC, Marine Corps, or National Archived and Records Administration (NARA). It does not appear that any additional pertinent research has taken place since that time.

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. The AOJ shall schedule the Veteran for a VA audiological examination so as to determine the precise nature and severity of his bilateral hearing loss. The complete claims file and a copy of this remand are to be made available to the examiner before the examination, and the examiner must indicate that he or she has reviewed the claims file.

The examiner must afford the Veteran an audiometric evaluation in accordance with the criteria delineated in 38 C.F.R. § 4.85 and should include testing of pure tone thresholds at 1,000, 2,000, 3,000, and 4,000 Hertz and speech recognition scores using the Maryland CNC Test.

The examiner must also address whether the bilateral hearing loss has any effect on the Veteran's ability to work and identify the impairments in daily life caused by the hearing loss. The examiner is advised that the Veteran is competent to report his symptoms and such must be acknowledged in formulating any opinions. 

The examiner must provide rationale for all opinions and conclusions, citing the objective medical findings leading to the examiner's conclusions.

2. The AOJ shall attempt to verify the Veteran's descriptions of claimed stressors. All information provided by the Veteran should be utilized in attempting to verify his alleged stressors.

Additional development should include contacting the JSRRC to research appropriate records concerning the deaths that the Veteran alleged occurred at Bergstrom Air Force Base in August 1953, November 1955, and October 1956. 

3. Following the above, the RO must make a specific determination, based upon the complete record, with respect to whether the veteran was exposed to a stressor or stressors in service, and if so, what was the nature of the specific stressor or stressors. If the RO determines that the record establishes the existence of a stressor or stressors, the RO must specify what stressor or stressors in service it has determined are established by the record. In reaching this determination, the RO should address any credibility questions raised by the record.

4. If, and only if, the RO determines that the record establishes the existence of a stressor or stressors, then the RO should arrange for a VA psychiatric examination to determine the nature and etiology of any psychiatric disorders that are present. The RO must specify for the examiners the stressor or stressors that it has determined are established by the record and the examiners must be instructed that only those events may be considered for the purpose of determining whether the appellant was exposed to a stressor in service. The examination report should reflect review of pertinent material in the claims folder. 

If a diagnosis of PTSD is made, the examiners should specify (1) whether each alleged stressor found to be established by the record by the RO was sufficient to produce PTSD; (2) whether the remaining diagnostic criteria to support the diagnosis of PTSD have been satisfied; and (3) whether there is a link between the current symptomatology and one or more of the in-service stressors found to be established by the record by the RO and found to be sufficient to produce PTSD by the examiners. The examination report should include the complete rationale for all opinions expressed. All necessary special studies or tests, to include psychological testing and evaluation, such as the Minnesota Multiphasic Personality Inventory, and the Mississippi Scale for Combat-Related PTSD, should be accomplished. The entire claims folder and a copy of this REMAND must be made available to the examiners prior to the examination. 

5. The agency of original jurisdiction will then readjudicate the Veteran's claims. If the benefits sought on appeal remain denied, he and his representative shall be provided with a Supplemental Statement of the Case. An appropriate period of time must be allowed for reply.

Thereafter, if appropriate, the case is to be returned to the Board, following applicable appellate procedure. No action is required of the Veteran until notified by the RO; however, the veteran is advised that failure to report for any scheduled examination may result in denial of the claim. 38 C.F.R. § 3.655 (2013). The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).




______________________________________________
THOMAS J. DANNAHER
Veterans Law Judge, Board of Veterans' Appeals 

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board is appealable to the Court. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).




Department of Veterans Affairs