Citation Nr: 1441519 
Decision Date: 09/17/14 Archive Date: 09/22/14

DOCKET NO. 12-02 704 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUES

1. Entitlement to service connection for tardive dyskenesia, to include as secondary to a service-connected esophageal reflux condition.

2. Entitlement to a disability rating in excess of 30 percent for a right knee disability. 


REPRESENTATION

Veteran represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

Alexander Panio, Associate Counsel



INTRODUCTION

The Veteran served on active duty from August 1970 to April 1972 and June 1976 to November 1971.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from April 2011 and December 2011 rating decisions by the Department of Veterans Affairs (VA) Regional Office (RO) in Houston, Texas. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

In his July 2012 substantive appeal, the Veteran reported that his service-connected knee disability was producing extreme pain. The Board has construed this statement as indicating a worsening of the condition since his most recent VA examination in April 2011. As such, VA is required to afford him a contemporaneous VA examination to assess the current nature, extent and severity of his knee disability. See Snuffer v. Gober, 10 Vet. App. 400, 403 (1997); see also VAOPGCPREC 11-95 (1995), 60 Fed. Reg. 43186 (1995). 

In the Veteran's November 2011 VA examination report, the examiner states that there is no diagnosis of tardive dyskinesia in the Veteran's file. However, the Veteran reports previously being diagnosed with tardive dyskinesia by a VA treatment provider at the LaGrange, Texas VA Medical Center. The Veteran is competent to report a contemporaneous diagnosis that he received from a VA treatment provider. See Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). A December 2010 treatment note indicates that the Veteran discussed with his treatment provider the likelihood of experiencing tardive dyskinesia symptoms as a result of his receiving Metoclopramide for a stomach condition. At the time, the Veteran reported mild involuntary movement problems, but wanted to continue with his course of medication. 

As the Veteran is still taking Metoclopramide, an examination should be undertaken in order to determine whether these symptoms are present and if so, whether they merit a diagnosis of tardive dyskinesia. 

Furthermore, VA treatment records since January 2014 should be obtained and associated with the Veteran's file. 

Accordingly, the case is REMANDED for the following action:

1. Notify the Veteran that he may submit lay statements from himself and from other individuals who have first-hand knowledge, and/or were contemporaneously informed of his tardive dyskinesia symptomatology and or the nature, extent and severity of his knee symptoms and the impact of the condition on his ability to work. 

The Veteran should also be notified that he may submit a statement from the treatment provider that diagnosed him with tardive dyskinesia indicating the issuance of such a diagnosis.

The Veteran should be provided an appropriate amount of time to submit this lay evidence. 

2. Obtain and associate any VA treatment records generated since January 2014 that pertain to the Veteran. 

3. Schedule the Veteran for an examination by an appropriate VA medical professional in order to determine whether the Veteran currently suffers from tardive dyskinesia and if so; 

a) whether it is at least as likely as not that the condition is related to or had its onset during service,

b) whether it is at least as likely as not that the Veteran's condition is caused by the Veteran's esophageal reflux disease, or by any medications taken for the treatment of said disease, and

c) whether it is at least as likely as not that the Veteran's condition is aggravated by the Veteran's esophageal reflux disease, or by any medications taken for the treatment of said disease.

The examiner should review the Veteran's claims file, conduct any necessary testing, and provide an explanation for all elements of his/her opinion. The examiner should address the December 2010 treatment note in his/her opinion.

4. Schedule the Veteran for an examination by an appropriate VA medical professional in order to determine the current severity of the Veteran's right knee disability.

Any necessary testing should be conducted.

5. Then readjudicate the issues on appeal. If any of the benefits sought on appeal remain denied, furnish the Veteran and his representative with a Supplemental Statement of the Case and afford them the opportunity to respond before the file is returned to the Board for further consideration.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



_________________________________________________
Steven D. Reiss 
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).