Citation Nr: 1508846 
Decision Date: 02/27/15 Archive Date: 03/11/15

DOCKET NO. 09-06 595 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Montgomery, Alabama



THE ISSUE

Entitlement to a rating in excess of 30 percent for headache syndrome with vertigo and migraine headaches.



REPRESENTATION

Appellant represented by: Virginia A. Girard-Brady, Attorney-at-Law



ATTORNEY FOR THE BOARD

L. Zobrist, Associate Counsel



INTRODUCTION

The appellant is a Veteran who had active service from October 1999 to March 2007. This case is before the Board of Veterans' Appeals (Board) on remand from the United States Court of Appeals for Veterans Claims (Court). This matter was originally before the Board on appeal from a December 2007 rating decision by the Montgomery, Alabama, Department of Veterans Affairs (VA) Regional Office (RO) that, inter alia, granted service connection and awarded a 0 percent rating for headache syndrome with vertigo. An interim (November 2012) rating decision increased the rating for headache syndrome with vertigo and migraine headaches to 30 percent, effective March 28, 2012. A June 2013 Board decision [by a Veterans Law Judge other than the undersigned] awarded the 30 percent rating for throughout the period under consideration, but denied further increase. The Veteran appealed that decision to the Court, resulting in an August 2014 Joint Motion for Remand (JMR) by the parties that was granted by the Court in a September 2014 Order. This case is now reassigned to the undersigned. 
 
[The June 2013 Board decision also remanded claims seeking a compensable rating for cervical laceration and hemorrhage and a total disability rating based on individual unemployability due to service-connected disabilities. The development sought has apparently not yet been completed, and remains pending at the Agency of Original Jurisdiction (AOJ), and those issues have not been recertified to the Board, and are not before the Board at this time.]

The appeal is REMANDED to the AOJ. VA will notify the appellant if further action on her part is required.


REMAND

In the August 2014 JMR, the parties agreed that the Board had not adequately discussed whether the Veteran's headaches (without regard for the use of ameliorating medication) are completely prostrating, prolonged attacks productive of severe economic inadaptability as contemplated by the 50 percent rating criteria for headaches. 

While the parties did not specify that a new VA medical examination was necessary, upon review of the record, the Board finds that the most recent VA medical examination of record does not appear to encompass all currently reported symptomatology. On March 2012 VA examination, the Veteran reported symptoms of constant head pain, nausea, sensitivity to light and sound, changes in vision, and dizziness, as well as a history (in service) of passing out. (The June 2012 VA opinion appears to have been based on the existing record, without examination, and sought for the purpose of clarifying the March 2012 opinion.) At the time of the examination, she reported that she normally experiences headaches at least five times per week. However, in an April 2013 statement, the Veteran asserted that she now has daily migraine headaches with vertigo and current problems with fainting. In light of the allegations of worsening (which she is competent to report), a contemporaneous examination is necessary. See Snuffer v. Gober, 10 Vet. App. 400, 403 (1997).

In addition, the Veteran receives VA medical treatment, and the record does not include any reports of her treatment after June 2014. Records of such treatment are pertinent evidence, are constructively of record, and must be secured to ensure that the evidentiary record is complete.

Accordingly, the case is REMANDED for the following:

1. The AOJ should secure for the record copies of the complete records (those not already associated with the record) of all VA evaluations or treatment the Veteran received for headaches/migraines. If any such records are unavailable, the reason must be noted in the record, and the Veteran should be so notified.

2. The AOJ should then arrange for a neurological examination of the Veteran to determine the current nature, frequency, and severity of her headache syndrome with vertigo and migraine. The Veteran's entire record (to include this remand and all records received pursuant to the development sought above) must be reviewed by the examiner in conjunction with the examination. Any tests or studies indicated should be completed.

Based on review of the record and interview and examination of the Veteran, the examiner should provide responses to the following:

(a) Please identify all symptoms associated with the Veteran's headaches, noting their severity, frequency, and duration. Please indicate whether the Veteran's subjective complaints, to specifically include fainting, are consistent with the clinical findings/manifestations of her service-connected headache disability. 

(b) Please indicate whether the headaches are manifested by characteristic prostrating attacks, the treatment regimen prescribed (and the relief/additional symptomatology (e.g., drowsiness) that results), and the level of functioning remaining during the headaches, both with and without medication. Please describe the frequency and duration of any characteristic prostrating attacks and indicate whether the headaches are manifested by very frequent completely prostrating and prolonged attacks productive of severe economic inadaptability. The explanation of rationale in response to this question should cite to the factual data in the record that support the headaches are/are not characterized by characteristic prostrating attacks and productive of severe economic inadaptability and support the findings regarding duration, frequency, and level of functioning remaining when they occur. The examiner should comment on any credibility issues raised.

3. The AOJ should then review the record and readjudicate the claim. If the benefit sought on appeal remains denied, the RO should issue an appropriate supplemental statement of the case and afford the Veteran and her attorney the opportunity to respond. The case should then be returned to the Board for further review.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the Court for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).


_________________________________________________
George R. Senyk
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).