http://www.va.gov/vetapp16/Files4/1630498.txt

Citation Nr: 1630498 
Decision Date: 07/29/16 Archive Date: 08/04/16

DOCKET NO. 11-23 506 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia

THE ISSUES

1. Entitlement to an evaluation in excess of 30 percent for posttraumatic stress disorder (PTSD).

2. Entitlement to an evaluation in excess of 10 percent, for the period prior to May 1, 2014, and a compensable evaluation thereafter, for bilateral hearing loss, to include whether the reduction from 10 percent to noncompensable, effective May 1, 2014, was proper.

3. Entitlement to a total disability rating based on individual unemployability due to a service-connected disability (TDIU).

REPRESENTATION

Appellant represented by: Mark Lippman, Attorney

WITNESSES AT HEARING ON APPEAL

Appellant and Appellant's Spouse

ATTORNEY FOR THE BOARD

Robert J. Burriesci, Counsel

INTRODUCTION

The Veteran had active service from June 1967 to October 1969. 

These matters came before the Board of Veterans' Appeals (Board) on appeal from July 2009 and February 2014 decisions by the Department of Veterans Affairs (VA) Regional Offices (RO) in Atlanta, Georgia and St. Petersburg, Florida.

The appeal was previously before the Board in March 2016 when it was remanded for the Veteran to be afforded a hearing before a Veterans Law Judge of the Board. The Veteran and his spouse testified at a hearing before the undersigned in June 2016. A transcript of the hearing has been associated with the claims file. 

Where a claimant, or the record, raises the question of unemployability due to the disability for which an increased rating is sought, then part of the increased rating claim is an implied claim for TDIU. Rice v. Shinseki, 22 Vet. App. 447 (2009). Here, the issue of entitlement to TDIU has been raised by the Veteran and his representative; therefore, the issue is added to the issues on appeal.

In the Veteran's claim dated in March 2009 the Veteran requested a higher evaluation for tinnitus. To date this issue has not been adjudicated by the RO. Therefore, it is referred to the RO for consideration.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

Review of the claims file reveals VA treatment records dated to December 2010 and from June 2011 to December 2015. It is unclear whether complete VA treatment records regarding the Veteran dated prior to June 2011 have been obtained and associated with the claims file. In addition, treatment records dated since December 2015 have not been obtained and associated with the claims file. Thus, on remand attempts must be made to obtain and associate with the claims file complete VA treatment records regarding the Veteran dated prior to June 2011 and since December 2015. 38 C.F.R. § 3.159 (2015).

At the hearing, the Veteran and his representative referred to a letter from the Veteran's treating doctor reporting that the VA medical examination results were inconsistent with her results that they say was submitted in January 2015. Review of the claims file does not reveal a copy of this letter. Thus, on remand, attempts must be made, to include contacting the provider, the Veteran, and the Veteran's representative, to obtain a copy of the letter and associate it with the claims file. Id.

The most recent VA examination evaluating the Veteran's PTSD disability was performed in November 2011. At the hearing before the undersigned, the Veteran and the Veteran's spouse gave testimony as to how the disability was affecting his life and how things have gotten a little worse. Therefore, the Board finds that it must remand the claim to obtain a contemporaneous VA examination to assess the current nature, extent and severity of his PTSD disability. See Snuffer v. Gober, 10 Vet. App. 400, 403 (1997).

At the hearing the Veteran reported that his hearing had gotten worse. Thus, the Board finds that it must remand the claim obtain a contemporaneous VA examination to assess the current nature, extent and severity of his hearing loss disability. Id.

Finally, the Veteran contends that his service-connected disabilities prevent employment. A letter from the Social Security Administration reveals no significant earnings after 2004. A current opinion as to the effect of all the Veteran's service-connected disabilities on his employability has not been obtained and such is necessary to decide his claim.

Accordingly, the case is REMANDED for the following action:

1. Obtain and associate with the claims file complete VA treatment records regarding the Veteran dated prior to June 2011 and since December 2015. Ask the Veteran about the existence of any non-VA treatment records. After obtaining any necessary authorization, request any reported records.

2. Contact the Veteran, the Veteran's representative, and, after obtaining any necessary authorization, the appropriate provider, to obtain and associate with the claims file the January 2015 letter identified by the Veteran and his representative at the June 2016 hearing.

3. Thereafter, the Veteran should be afforded an appropriate VA examination to determine the nature, extent and severity of his PTSD and hearing loss disabilities. The claims file and copies of all pertinent records should be made available to the examiners. All indicated tests should be performed. The examiners are requested to delineate all symptomatology associated with, and the current severity of the disabilities. The appropriate Disability Benefits Questionnaires (DBQs) should be filled out for this purpose, if possible.

4. Schedule the Veteran for a VA examination with regard to the Veteran's claim for a TDIU to obtain an opinion regarding whether the Veteran's service-connected disabilities have affected his ability to work by assessing his occupational impairment, if any. Specifically, the examiner is asked to comment as to the functional impairment or limitations imposed by each of the Veteran's service-connected disabilities (PTSD; residuals of shell fragment wound, left cornea with headaches; tinnitus; and hearing loss). In doing so, the examiner is asked to take the Veteran's level of education, special training, and previous work experience into consideration, but disregard the Veteran's age or any impairment caused by nonservice-connected disabilities. The examiner is requested to provide a complete rationale for any opinion expressed, based on the examiner's clinical experience, medical expertise, and established medical principles. If an opinion cannot be made without resort to speculation, the examiner should provide an explanation as to why this is so and note what, if any, additional evidence would permit such an opinion to be made.

5. Thereafter, readjudicate the Veteran's claims. If the benefits sought on appeal are not granted in full, the Veteran and his representative should be issued a supplemental statement of the case and provided an opportunity to respond.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
M. E. LARKIN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).