Citation Nr: 1749177 
Decision Date: 10/31/17 Archive Date: 11/06/17

DOCKET NO. 13-30 340 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Boston, Massachusetts


THE ISSUE

Entitlement to a compensable rating for bilateral hearing loss.


REPRESENTATION

Veteran represented by: Massachusetts Department of Veterans Services


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

Joshua Castillo, Associate Counsel


INTRODUCTION

The Veteran served on active duty from April 1956 to March 1959 and from October 1961 to February 1962.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a November 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Boston, Massachusetts, that granted service connection for bilateral hearing loss and assigned a non-compensable rating.

In November 2016, the Veteran appeared at a hearing before a Veterans Law Judge (Veterans Law Judge); however, a written transcript of the proceeding could not be produced due to technical difficulties encountered in the Digital Audio Recording System. On January 2017, the RO notified the Veteran of the audio malfunction and informed him of an opportunity to testify at another hearing. The Veteran responded and requested another hearing before a VLJ.

In February 2017, the Board remanded the case for to afford the Veteran a second hearing.

In September 2017, the Veteran appeared at a hearing before the undersigned VLJ. Normally, when two different VLJs hold hearings on the same case, the Veteran is afforded a panel hearing. However, where, as here, a second hearing is held because the original hearing was not recorded in whole or in part due to equipment failure or other cause, a panel hearing is not necessary. See 38 C.F.R. § 20.717 (2016); see also Chairman's Memorandum 01-11-10. Instead, the original hearing is treated as if it did not exist, and only the VLJ who presided over the second hearing will decide the claim.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2016) and is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.

REMAND

As to the claim for a compensable rating for bilateral hearing loss, the Veteran testified, in substance, that his disability had worsened since his last VA examination in March 2013. Therefore, the Board finds that a remand to provide the Veteran with another VA examination to ascertain the current severity of his bilateral hearing loss is required. See Snuffer v. Gober, 10 Vet. App. 400, 403 (1997); see also VAOPGCPREC 11-95 (1995), 60 Fed. Reg. 43186 (1995).

During the September 2017 hearing, the Veteran reported that he received private audiology treatment from Jamaica Plains; however, records of such have not been associated with the claims file. Additionally, in July 2017, the Veteran submitted a VA treatment record dated December 2016; however, VA treatment records of record are current only through April 2010. Accordingly, while appeal is in remand status, the AOJ should also obtain and associate with the claims file any outstanding VA (through April 2010) and private treatment records.

Accordingly, the case is REMANDED for the following action:

1. Associate with the claims file the Veteran's post-April 2010 VA treatment records.

2. After obtaining authorizations from the Veteran, associate with the claims file any outstanding private treatment records, to include those from Jamaica Plains.

3. Notify the Veteran that he may submit lay statements from himself and from other individuals who have first-hand knowledge of the problems caused by his bilateral hearing loss including with employment. The Veteran should be provided an appropriate amount of time to submit this lay evidence.

4. Schedule the Veteran for an examination to determine the severity of his bilateral hearing loss. The claims folder must be made available to and reviewed by the examiner. All indicated tests should be conducted. In addition to objective test results, the examiner should fully describe the functional effects caused by the hearing disability including the effect it has on his ability to communicate effectively with other people.

5. Finally, readjudicate the appeal. If the benefit sought remains denied, issue a supplemental statement of the case and return the case to the Board.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




_________________________________________________
STEVEN D. REISS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).