﻿Citation Nr: AXXXXXXXX
Decision Date: 02/26/19 Archive Date: 02/25/19

DOCKET NO. 181206-1432
DATE: February 26, 2019

REMANDED

Entitlement to a compensable initial rating for hypertension from March 5, 2015 to May 31, 2018 is remanded.

REASONS FOR REMAND

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program, RAMP, the Rapid Appeals Modernization Program.

The Veteran served on active duty from June 1974 to April 1976 and from March 1981 to December 1999. 

The Veteran selected the Higher-Level Review lane when he submitted the RAMP election form. Accordingly, the November 2018 RAMP rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this RAMP rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

Entitlement to a compensable initial rating for hypertension from March 5, 2015 to May 31, 2018, is remanded.

In this case, VA’s duty to assist in the development of the claim on appeal has not been satisfied. Therefore, a remand is necessary for the following further development.

First, the Veteran submitted a March 2015 statement in support of his claim wherein he indicated that he is currently treated by Dr. Kamlyn Jones. However, these private treatment records remain outstanding. The Veteran also submitted his medication profile that appears to be from a VA medical facility. Therefore, the AOJ should attempt to obtain all outstanding, relevant VA and private treatment records, as well as all necessary releases. If they are not available, then the Veteran should be advised of this fact and given an opportunity to submit the records himself, as these records may be relevant to his appeal.

Additionally, the Veteran has not been afforded a VA examination during the rating period on appeal. He submitted a Hypertension Disability Benefits Questionnaire (DBQ) prepared by his private physician, Dr. Jones, in March 2015, however, this examination report did not provide any blood pressure readings. As such, the Board finds that a VA examination is necessary to determine the current severity of his service-connected hypertension. See Snuffer v. Gober, 10 Vet. App. 400 (1997).

The matter is REMANDED for the following actions:

1. Obtain and associate with the claims file any outstanding VA treatment records relating to the Veteran. All records and/or responses received should be associated with the claims file.

2. The RO must request that the Veteran identify all non-VA medical providers who have treated him for his hypertension since March 2015. The RO must then obtain copies of the identified medical records that are not already in the claims folder. In particular, the Board is interested in obtaining all treatment records relating to the Veteran from Dr. Kamlyn Jones from March 2015 to the present. 

All attempts to secure this evidence must be documented in the claims file by the RO. If, after making reasonable efforts to obtain named records the RO is unable to secure same, the RO must notify the Veteran and (a) identify the specific records the RO is unable to obtain; (b) briefly explain the efforts that the RO made to obtain those records; and (c) describe any further action to be taken by the RO with respect to the claim, and (d) that he is ultimately responsible for providing the evidence. The Veteran must then be given an opportunity to respond.

(Continued on the next page)

 

3. Schedule the Veteran for an appropriate VA examination to assess the Veteran’s service-connected hypertension. The claims file must be reviewed in conjunction with the examination. All testing deemed necessary must be conducted and results reported in detail. A complete rationale for all opinions and conclusions reached must be provided.

 

L. CHU

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD M. J. In, Counsel