﻿Citation Nr: AXXXXXXXX
Decision Date: 09/30/19 Archive Date: 09/30/19

DOCKET NO. 190430-11570
DATE: September 30, 2019

REMANDED

Entitlement to a compensable rating for pseudofolliculitis barbae is remanded.

REASONS FOR REMAND

The Veteran had active duty service from February 2006 to February 2014. 

The Board of Veterans Appeals (Board) notes that the rating decision on appeal was issued in March 2019. That decision granted entitlement to service connection for pseudofolliculitis barbae with a noncompensable rating, effective from February 14, 2014.

In April 2019, the Veteran elected the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)). Hence, the case is being reviewed according to the appellate process set forth under the Veterans Appeals Improvement and Modernization Act of 2017 (hereinafter the “Appeals Modernization Act” (AMA)). In light of the appellant’s election, the Board considers the matter per the Evidence Docket, according to which the appellant has an opportunity to forward additional evidence within 90-days of filing a Notice of Disagreement.

The Veteran contends he is entitled to a compensable rating for his service-connected pseudofolliculitis barbae. The last VA examination of record for this issue was conducted in January 2015. The evidence of record, specifically the July 2019 letter from the Veteran’s private physician regarding current treatment, reflect that his pseudofolliculitis barbae may have worsened since his last VA examination. In light of these facts, the Board finds that it was error for the March 2019 rating decision to assign a rating without first securing a current VA examination. See Snuffer v. Gober, 10 Vet. App. 400, 403 (1997). 

The matters are REMANDED for the following action:

Schedule the Veteran for an examination to determine the current severity of his pseudofolliculitis barbae. The examiner must be provided access to the claimant’s VBMS and Virtual VA/Legacy files for review. During the examination the examiner must attempt to elicit information regarding the nature and extent of any skin involvement due to pseudofolliculitis barbae, the severity and duration of any flare-ups, and what medication the appellant uses to treat the disorder. The examiner must address whether the appellant uses systemic corticosteroids or medications that act like systemic corticosteroids to treat this disorder. 

The examiner should discuss the effect of his pseudofolliculitis barbae on the claimant’s occupational functioning and activities of daily living.

A complete and fully explanatory rationale must be provided for any opinion offered. If any opinion cannot be rendered without resorting to speculation, the examiner must state whether the need to speculate is caused by a deficiency in the state of general medical knowledge, i.e., no one could respond given medical 

 

science and the known facts, or by a deficiency in the record or the examiner, i.e., additional facts are required, or the examiner does not have the needed knowledge or training. 

 

 

DEREK R. BROWN

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board C. Ferrando

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.