﻿Citation Nr: AXXXXXXXX
Decision Date: 01/29/21 Archive Date: 01/29/21

DOCKET NO. 181004-803
DATE: January 29, 2021

REMANDED

Entitlement to a rating in excess of 30 percent for anxiety disorder is remanded.

REASONS FOR REMAND

The Veteran had active duty service in the United States Air Force from January 1966 to November 1967.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. A rating decision was issued under the legacy system in February 2014. On May 18, 2018, the Veteran opted into the modernized review system, also known as the AMA, by submitting a Rapid Appeals Modernization Program (RAMP) election form and selecting the higher-level review (HLR) lane. The agency of original jurisdiction (AOJ) issued a RAMP HLR decision in September 2018, which is the decision on appeal.

The Veteran and his wife tested before the undersigned during a November 2019 hearing. A copy of the transcript has been associated with the record.

1. Entitlement to a rating in excess of 30 percent for anxiety disorder is remanded.

The issue of entitlement to a rating in excess of 30 percent is remanded to correct a pre-decisional duty to assist error. Here, the AOJ provided a VA examination in February 2014 prior to the rating decision on appeal. However, the Board finds that this examination is not sufficient to rate the Veteran’s disability during the appeal period because the examiner indicated that they may not have reviewed the Veteran’s electronic records and, in a September 2014 statement, the Veteran indicated that his symptoms may have worsened since his February 2014 VA examination. See Palczewski v. Nicholson, 21 Vet. App. 174 (2007); Snuffer v. Gober, 10 Vet. App. 400 (1997).

In his September 2014 statement, the Veteran reported having “bad” memory loss and severe anxiety attacks that occurred at least three to four days per week. Additionally, although outside the relevant evidence period, the Board also acknowledges the Veteran’s and his wife’s more recent reports that his service-connected anxiety disorder worsened in severity since he was last examined by VA in February 2014. See generally November 2019 Board hearing transcript. Specifically, the Veteran and his wife explained that his anxiety causes him to remain awake at night; general absentmindedness that causes additional issues like falling and breaking bones; memory loss; panic attacks around three to four times a week over issues that others may find “silly”; increased anger problems; preoccupation of daily tasks; and frustration over his physical and mental disability manifestations. Socially, the Veteran stated that he speaks to his two sons and granddaugther, but does not speak to others beyond pleasantries because he feels as if he has nothing to discuss. The Veteran confirmed that he has had suicidal ideation due to the frustrations caused by his physical ailments.

In light of the pre-decisional error identified above, the Board finds that VA should provide an opportunity for the Veteran to report for an adequate examination to ascertain how severe his anxiety disorder was prior to May 18, 2018, which was when the Veteran opted into the modernized review system via RAMP.

This matter is REMANDED for the following action:

Schedule the Veteran for an examination by an appropriate clinician to determine the severity of his service-connected anxiety disorder during the period prior to May 18, 2018.

The examiner should provide a full description of the disability and report all signs and symptoms necessary for evaluating the Veteran’s disability under the rating criteria. The examiner must attempt to elicit information regarding the severity, frequency, and duration of symptoms. 

To the extent possible, the examiner should identify any symptoms and social and occupational impairment due to his service-connected anxiety disorder alone.

Any opinion provided should be accompanied with sufficient and thorough rationale. 

 

M. C. WILSON

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J. Lee

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.