Citation Nr: AXXXXXXXX
Decision Date: 07/14/21 Archive Date: 07/14/21

DOCKET NO. 190926-33504
DATE: July 14, 2021

REMANDED

Entitlement to a compensable rating for acne is remanded.

REASONS FOR REMAND

The Veteran served on active duty from November 2010 to June 2014.

By way of history, in January and August 2019, the Veteran submitted notices of disagreement appealing an October 2018 rating decision where the RO continued the Veteran's noncompensable rating for his service-connected acne. The RO issued a statement of the case (SOC) in September 2019, continuing the Veteran's noncompensable rating. The Veteran opted into the modernized review system, also known as the Appeals Modernization Act (AMA), by submitting a timely VA Form 10182 Decision Review Request: Board Appeal (Notice of Disagreement) (NOD), electing the direct review option, identifying that he was opting in from the September 2019 SOC. Therefore, in light of the Veteran's election of the direct review option, the Board may only consider the evidence of record at the time of the September 2019 SOC. 38 C.F.R. § 20.301. 

In April 2020, the Board denied the Veteran entitlement to a compensable rating for his acne. The Veteran appealed to the Court of Appeals for Veterans Claims (CAVC or Court). In a March 2021 Order, the Court vacated the Board's April 2020 decision and remanded the matter pursuant to a March 2021 Joint Motion for Remand (JMR).

Unfortunately, the Board finds that additional development of the issue on appeal must be undertaken to correct a duty to assist error that occurred prior to the September 2019 rating decision. The Board notes that under the modernized review system, remand is required to correct a pre-decisional duty to assist error. 38C.F.R. §20.802(a).

Entitlement to a compensable rating for acne is remanded.

The Veteran seeks a compensable rating for his service-connected acne.

In the March 2021 JMR, the parties agreed that the Board erred in its April 2020 decision by failing to consider a November 2014 VA Scars Examination that is favorable to the Veteran. In the April 2020 denial, the Board noted that the medical evidence of record fails to establish disfigurement of the head, face, or neck. However, the record reflects that the November 2014 examiner diagnosed the Veteran with acne scarring, with scars on the trunk or extremities and scars or disfigurement of the head, face, or neck, and further noted that the Veteran had "acne scarring to face affecting entire face," and "too many scars to count." The examiner noted that these scars covered more than 40 percent of the Veteran's face. The examiner further noted that the Veteran had acne scarring to the bilateral upper extremities, the anterior trunk covering more than 80 percent of his back, and on the posterior trunk covering more than 60 percent of the Veteran's chest.

The Veteran was afforded VA examinations in February and October 2018. Both examiners diagnosed the Veteran with superficial acne that covered less than 40 percent of his face and neck.

In July 2019, the Veteran submitted an independent VA rating evaluation by G.U., APRN. G.U. evaluated the Veteran's acne under VA Diagnostic Code 7800 and concluded that the Veteran's June 2019 photos constitute photographic evidence showing "disfigurement of his face and neck area associated with his service-connected acne," and that the Veteran is entitled to a 30 percent rating under 7800 based on two characteristics of disfigurement. G.U. stated that the June 2019 pictures show: (1) surface contour of scar elevated or depressed on palpation and (2) skin hypo or hyper-pigmented in an area exceeding six square inches. As the July 2019 private opinion contains evidence of worsening symptoms, the Board finds that there was a pre-decisional duty to assist error prior to the September 2019 rating decision on appeal. Specifically, there was evidence that the Veteran's service-connected acne symptomatology had worsened since the most recent October 2018 VA examination. 38 U.S.C. § 5103A(f); 38 C.F.R. § 20.802(a). Consequently, the claim must be remanded so that the Veteran can be afforded a contemporaneous VA examination to assess the current severity of his claimed disability. See Snuffer v. Gober, 10 Vet. App. 400, 403 (1997).

Accordingly, the matter is REMANDED for the following action:

Schedule the Veteran for a VA examination to fully assess the current severity of the Veteran's service-connected acne. The entire claims file, to include a copy of this REMAND, must be provided to the examiner and reviewed in full. A detailed history of symptoms must be elicited from the Veteran. All appropriate tests or studies should be accomplished, and all clinical findings should be reported in detail. 

In providing the requested opinion, the examiner should specifically consider and address the following evidence:

 November 2014 VA examination findings that the Veteran has acne scarring to the bilateral upper extremities, the anterior trunk covering more than 80 percent of the back, and the posterior trunk covering more than 60 percent of the Veteran's chest. As well as the examiner's notation that there are "too many scars to count" on each of these areas

 April 2015 VA Primary Care provider note indicating the Veteran's skin as intact with scattered brownish scars to the back

 The Veteran's December 2017 statement that he had an acne on his back left shoulder that developed into a cyst underneath the skin and became chronic

 June 2019 photographic evidence of skin disability submitted by the Veteran

 The Veteran's August 2019 statement that he experiences itchy, red facial bumps, scarring, skin discoloration, and skin irritation. And that bumps and discoloration worsen when he is stressed.

 July 2019 VA dermatology consult with the Veteran's provider noting that keloids observed on the Veteran's left upper back and left bicep area, ranging in size from 7-22 millimeters, were apparently areas of prior acne.

 July 2019 private rating evaluation by G.U., APRN, concluding that the Veteran is entitled to a 30 percent rating under Diagnostic Code 7800 due to his "face and neck disfigurement."

(Continued on the next page)

 

The Veteran's lay statements regarding symptomology must be recorded and taken into consideration. Any opinion offered must be accompanied by a complete medical rationale.

 

 

LESLEY A. REIN

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board C. Gates 

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.