Citation Nr: 21050008
Decision Date: 08/13/21 Archive Date: 08/13/21

DOCKET NO. 17-17 146A
DATE: August 13, 2021

REMANDED

Entitlement to a rating in excess of 10 percent for a service-connected cervical strain with degenerative joint disease of C2-3 and C3-4 (hereinafter, service-connected neck disabilities) is remanded. 

REASONS FOR REMAND

The Veteran served on active duty from May 2000 to May 2004.

This matter comes to the Board of Veterans' Appeals (Board) from a December 2016 rating decision by a Department of Veterans Affairs (VA) Regional Office (RO) of the Veterans Benefits Administration (VBA), which is the Agency of Original Jurisdiction (AOJ). The Veteran expressed timely disagreement with this determination, and the present appeal ensued. 

The Veteran was scheduled to testify at a hearing with a Veteran's Law Judge in February 2020. However, the in a January 2020 submission, the Veteran's private attorney stated that the Veteran no longer wished to participate in such a hearing. Accordingly, the Veteran's prior request for the hearing is deemed withdrawn, and the Board may proceed with appellate consideration of the Veteran's appeal. 38 C.F.R. § 20.704 (d) (2017).

Entitlement to a rating in excess of 10 percent for cervical strain with degenerative joint disease of C2-3 and C3-4

The Veteran is currently service connected for cervical strain with degenerative joint disease of C2-3 and C3-4 at 10 percent, and he was most recently afforded a VA examination to determine the functional impairment of earning capacity stemming from the frequency, severity, and duration, of his service-connected neck disability in August 2018 three years ago. 

In the April 2020 letter, the Veteran's private attorney submitted a statement asserting that the Veteran's service-connected neck disability continues to worsen as time goes on and that his flare ups are increasingly limiting. In view of this evidence or worsening of the Veteran's service-connected disability since the last VA examination to assess such, VA is required to afford the Veteran a contemporaneous VA examination to assess the current nature, extent, and severity of his neck disability. See Snuffer v. Gober, 10 Vet. App. 400, 403 (1997).

The matters are REMANDED for the following action:

1. Ensure all outstanding VA treatment records since August 2018 are associated with the claims file. 

2. Thereafter, the AOJ must request that the Veteran be scheduled for an appropriate VA examination to evaluate his service-connected neck disabilities. The complete electronic record must be made available to, and reviewed by, the VA examiner prior to conducting the examination. All necessary studies and tests should be conducted. 

The examiner must describe the functional impairment of earning capacity stemming from the frequency, severity, and duration, of his service-connected neck disabilities.

*In addressing the above, the examiner must provide range-of-motion findings (expressed in degrees) for the Veteran's neck, to include on passive and active motion, in weight-bearing and nonweight-bearing positions, and during a flare-up of symptoms. 

If the examiner cannot provide an opinion without resorting to mere speculation, this should be so stated along with supporting rationale. In so doing, the examiner shall explain whether the inability to provide a more definitive opinion is the result of a need for additional information, or that he or she has exhausted the limits of current medical knowledge in providing an answer to the particular question. 

3. Thereafter, the AOJ must readjudicate the Veteran's appealed issues in light of the totality of evidence of record. If any benefit sought is not granted to the fullest extent, the AOJ must provide the Veteran and his private attorney with a copy of the readjudication and afford them an appropriate period to respond.

 

 

SCOTT W. DALE

Acting Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board M. Brewer, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.