Citation Nr: AXXXXXXXX
Decision Date: 09/30/21 Archive Date: 09/30/21

DOCKET NO. 200514-90746
DATE: September 30, 2021

ORDER

Service connection for posttraumatic stress disorder (PTSD) is granted.

REMANDED

Entitlement to a rating in excess of 30 percent for left knee, status post total knee replacement, is remanded.

FINDING OF FACT

Resolving reasonable doubt in the Veteran's favor, his PTSD is etiologically related to his active service.

CONCLUSION OF LAW

The criteria for service connection for PTSD have been met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from November 1962 to November 1967.

On appeal are two rating decisions issued by a Department of Veteran Affairs (VA) Regional Office (RO). The first is a February 2019 rating decision that, as relevant here, denied service connection for post-traumatic stress disorder (PTSD). The second is a May 2020 rating decision that confirmed a 30 percent rating for the Veteran's service-connected left knee, status post total knee replacement.

In May 2020, the Veteran filed VA Form 10182, Decision Review Request: Board Appeal (NOD) and elected the option for a Hearing with a Veterans Law Judge. This option allows the Veteran to have a Board hearing and the opportunity to submit additional evidence in support of his appeal within 90 days after the Board hearing.

A Board hearing was held before the undersigned Veterans Law Judge in May 2021, and a transcript of the proceedings is associated with the Veteran's claim file.

The matter is now before the Board of Veterans Appeals (Board) for adjudication.

The issue of service connection for PTSD is addressed in the decision below. The issue of an increased rating for the left knee, status post total knee replacement, is addressed in the REMAND section below.

Service Connection

To prevail on a direct service connection claim, there must be competent evidence of (1) a current disability, (2) in-service incurrence or aggravation of a disease or injury, and (3) a nexus between the in-service disease or injury and the current disability. Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2009); 38 U.S.C. § 1110; 38 C.F.R. § 3.303(a).

1. Entitlement to service connection for PTSD.

At the outset, the Board notes that the Veteran is service-connected for Major Depressive Disorder. However, the Veteran contends that he also has PTSD as a result of his service. In its February 2019 decision, the RO denied service connection for PTSD, stating the Veteran did not have a diagnosis of PTSD.

The Veteran underwent a VA examination for mental disorders in July 2012. The examiner diagnosed the Veteran with Depressive Disorder, NOS [not otherwise specified] and stated the Veteran did not have more than one mental disorder diagnosed.

The Veteran underwent another VA examination for mental disorders in October 2015. This examiner diagnosed the Veteran with Other Unspecified Depressive Disorder with Anxious Distress and stated the Veteran did not have more than one mental disorder diagnosed.

The Veteran underwent a private Disability Benefits Questionnaire (DBQ) in August 2017. A private examiner diagnosed the Veteran with 3 mental health conditions: PTSD, Major Depressive Disorder, and a Generalized Anxiety Disorder. Importantly, this examiner stated the Veteran's Major Depressive Disorder and Generalized Anxiety Disorder are both secondary to his PTSD. As to symptoms of PTSD, the examiner stated the Veteran endorsed having nightmares and flashbacks while in the service "on and off base." The Veteran also reported he experienced a great deal of racism in the service. The examiner noted the Veteran disclosed avoidance behavior, particularly of people (crowds, loud noise). He also reported he has cold sweats; hyper startle response; memory impairment; and issues with being alert. The examiner stated the Veteran meets the full diagnostic criteria for PTSD based on DSM-5 diagnostic criteria. The examiner stated the diagnosis provided is a new and separate diagnosis. The examiner also stated that the Veteran has symptoms of PTSD due to being exposed to trauma (fellow soldiers) and witnessing a decapitation of a fellow officer's head with the Veteran reporting he had to "look for his head."

The Veteran underwent a final VA examination in January 2019. Theis examiner diagnosed the Veteran with Major Depressive Disorder and stated he did not have more than one mental disorder diagnosed.

At the May 2021 Board hearing in this matter, the Veteran testified that he was diagnosed with PTSD at the VA treatment center in Baltimore, Maryland. He states he then got examined by another psychologist who changed it it to MDD [Major Depressive Disorder].

After a review of the above, while the evidence is not unequivocal, the Board finds that the evidence is at least in equipoise regarding whether the Veteran has a diagnosis of PTSD that is related to his period of active duty. Significantly, the Board looks to the August 2017 private opinion of by a physician who stated the Veteran has a diagnosis of PTSD and that it was caused by his active duty service. As such, the Board finds that the preponderance of the evidence, when taken as a whole, indicates that service connection for PTSD is warranted. See 38 U.S.C. § 5107; 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

REASONS FOR REMAND

2. Entitlement to a rating in excess of 30 percent for left knee, status post total knee replacement, is remanded.

The Board finds that additional development is needed prior to appellate review of the Veteran's claim for an increased rating for his service-connected left knee, status post total knee replacement. At the May 2021 Board hearing in this matter, the Veteran testified that his left knee disability has worsened since his last VA examination. As such, the Board finds that a new VA examination is needed to determine the current severity of the Veteran's left knee, status post total knee replacement. See Snuffer v. Gober, 10 Vet. App. 400, 403 (1997).

The matter is REMANDED for the following action:

Schedule the Veteran for a VA examination to determine the current severity of his service-connected left knee, status post total knee replacement. Any indicated studies, including x-ray studies, should be performed. The entire claims file, to include a complete copy of this remand, must be made available to, and reviewed by, the designated examiner. 

The examiner must specifically address and comment on the residuals of the Veteran's knee, status post total knee replacement, to include whether there are chronic residuals consisting of severe painful motion or weakness in the affected extremity, or intermediate degrees of residual weakness, pain, or limitation of motion (in accordance with the rating criteria set forth in Diagnostic Code 5055). 

 

 

M. Mills

Acting Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board T. Jiggetts

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.