Citation Nr: 1829743 
Decision Date: 07/24/18 Archive Date: 08/02/18

DOCKET NO. 15-00 249A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Manila, the Republic of the Philippines


THE ISSUES

1. Entitlement to an overall or combined disability rating in excess of 60 percent.

2. Entitlement to an initial rating in excess of 20 percent for degenerative disc disease, lumbar spine with spondylosis, lumbar spondylolisthesis, L4-L5.


REPRESENTATION

Veteran represented by: The American Legion


WITNESS AT HEARING ON APPEAL

The Veteran



ATTORNEY FOR THE BOARD

Michael Sanford, Counsel


INTRODUCTION

The Veteran served on active duty from April 1967 to March 1970 and from February 1985 to February 2002

These matters come before the Board of Veterans' Appeals (Board) on appeal from a June 2013 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Manila, the Republic of the Philippines.

In January 2016, the Veteran testified at a Travel Board hearing before the undersigned Veterans Law Judge. A transcript of that proceeding is of record.

The issue of an increased initial rating for the degenerative disc disease, lumbar spine with spondylosis, lumbar spondylolisthesis, L4-L5 is addressed in the REMAND portion of the decision below and is REMANDED to the Agency of Original Jurisdiction (AOJ). 


FINDING OF FACT

On the record at the January 2016 Travel Board hearing, the Veteran requested withdrawal of the claim for an overall or combined disability rating in excess of 60 percent.



 CONTINUE ON THE NEXT PAGE


CONCLUSION OF LAW

The criteria for withdrawal of an appeal by the Veteran with respect to the claim for an overall or combined disability rating in excess of 60 percent have been met. 38 U.S.C. § 7105(b)(2), (d)(5) (2012); 38 C.F.R. §§ 20.202, 20.204 (2017).


REASONS AND BASES FOR FINDING AND CONCLUSION

Following certification of the appeal to the Board, the Veteran, on the record at the January 2016 Travel Board hearing, requested withdrawal of the issue pertaining to the claim for an overall or combined disability rating in excess of 60 percent. See 38 U.S.C. § 7105; 38 C.F.R. §§ 20.202, 20.204. There remain no allegations of errors of fact or law for appellate consideration with respect to that issue. Accordingly, the Board does not have jurisdiction to review the appeal with respect to that issue and it is dismissed.


ORDER

The claim for an overall of combined disability rating in excess of 60 percent is dismissed.


REMAND

Unfortunately, the Board finds that further action on the low back claim is warranted, even though such will, regrettably, further delay an appellate decision on that matter.

The Veteran was last afforded a VA examination to determine the severity of his service-connected lumbar spine disability in July 2013. During the Veteran's January 2016 hearing, he testified that he was unable to sit or stand for longer than 10 minutes, that he experienced constant back pain, that he does leave the house often due to his back pain and that his pain radiated into his lower extremities. The Veteran reported that he stayed in bed or sat down during lower back flare-ups and that his lower back pain radiated in his right lower extremity only. As such, in the light of evidence suggesting worsening of the disability since the last VA examination, the Board finds that the Veteran should be afforded a new VA examination to obtain pertinent information to assess the current nature and severity of his service-connected degenerative disc disease, lumbar spine with spondylosis, lumbar spondylolisthesis, L4-L5. See Snuffer v. Gober, 10 Vet. App. 400 (1997); Caffrey v. Brown, 6 Vet. App. 377 (1994); VAOPGCPREC 11-95 (1995).

On remand, the Veteran should be asked to furnish, or to furnish an authorization to enable VA to obtain, any additional private treatment records from providers who treated him for his service connected degenerative disc disease, lumbar spine with spondylosis, lumbar spondylolisthesis, L4-L5. Additionally, given the time that will pass during the processing of this remand, updated VA treatment records should be associated with the record. 

Accordingly, the case is REMANDED for the following action:

1. The Veteran should be given an opportunity to identify any outstanding private or VA treatment records relevant to the remanded claim, to specifically include those from any private treatment provider who has treated him for his service-connected degenerative disc disease, lumbar spine with spondylosis, lumbar spondylolisthesis, L4-L5. 

For private treatment records, make at least two (2) attempts to obtain records from any identified sources. If any such records are unavailable, inform the Veteran and afford her an opportunity to submit any copies in his possession.

For federal records, all reasonable attempts should be made to obtain such records. If any records cannot be obtained after reasonable efforts have been made, issue a formal determination that such records do not exist or that further efforts to obtain such records would be futile, which should be documented in the claims file. The Veteran must be notified of the attempts made and why further attempts would be futile, and allowed the opportunity to provide such records, as provided in 38 U.S.C. § 5103A(b)(2) and 38 C.F.R. § 3.159(e).

2. Afford the Veteran an appropriate VA examination so as to determine the current nature and severity of his service-connected degenerative disc disease, lumbar spine with spondylosis, lumbar spondylolisthesis, L4-L5.

The record, to include a complete copy of this remand, must be made available to the examiner, and the examination report should include discussion of the Veteran's documented medical history and assertions. All indicated tests and studies should be accomplished (with all findings made available to the requesting examiner prior to the completion of his or her report), and all clinical findings should be reported in detail. The examiner must provide all examination findings, along with a complete rationale for the conclusions reached.

The examiner should describe the nature and severity of all manifestations of the Veteran's service-connected degenerative disc disease, lumbar spine with spondylosis, lumbar spondylolisthesis, L4-L5. The examiner should conduct range of motion testing of the lumbar spine (expressed in degrees). The examiner should record the results of range of motion testing for pain on active motion and passive motion, and on weight bearing and non-weight bearing. 
The examiner should render specific findings as to whether, during the examination, there is objective evidence of pain on motion, weakness, excess fatigability, and/or incoordination. If pain on motion is observed, the examiner should indicate, in degrees, the point at which pain begins. In addition, the examiner should indicate whether, and to what extent, the Veteran experiences likely functional loss due to pain and/or any of the other symptoms noted above during flare-ups and/or with repeated use; to the extent possible, the examiner should express any such additional functional loss in terms of additional degrees of limited motion.

If the examiner is unable to conduct the required testing or concludes that the required testing is not necessary in this case he or she should clearly explain why that is so. A rationale should be provided for any opinion offered.

3. After the above action has been completed, readjudicate the claim. If the claim remains denied, issue to the Veteran and his representative a supplemental statement of the case. Afford them the appropriate period of time within which to respond thereto.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court 


 CONTINUE ON THE NEXT PAGE

of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).




______________________________________________
K. OSBORNE
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs