﻿Citation Nr: AXXXXXXXX
Decision Date: 05/29/20 Archive Date: 05/29/20

DOCKET NO. 190722-56969
DATE: May 29, 2020

ORDER

New and relevant evidence having been submitted, readjudication of service connection for chronic fatigue syndrome is appropriate.

New and relevant evidence having been submitted, readjudication of service connection for joint and muscle pains is appropriate.

REMANDED

Entitlement to a rating in excess of 30 percent for service-connected posttraumatic stress disorder (PTSD), from May 19, 2015, is remanded.

Service connection for fibromyalgia is remanded, to include as an undiagnosed illness or as an unexplained chronic multi-symptom illness, due to service in Southwest Asia, is remanded.

Service connection for a sleep disorder is remanded, to include as an undiagnosed illness or as an unexplained chronic multi-symptom illness, due to service in Southwest Asia, is remanded.

Service connection for chronic fatigue syndrome is remanded, to include as an undiagnosed illness or as an unexplained chronic multi-symptom illness, due to service in Southwest Asia, is remanded.

Service connection joint and muscle pains is remanded, to include as an undiagnosed illness or as an unexplained chronic multi-symptom illness, due to service in Southwest Asia, is remanded.

FINDINGS OF FACT

1. By a decision entered in January 2010, the Department of Veterans Affairs (VA) Regional Office (RO) in Cleveland, Ohio denied service connection for chronic fatigue syndrome and for joint and muscle pains; the Veteran was advised of the RO’s decision and of his appellate rights.

2. The Veteran did not initiate an appeal of the RO’s decision during the one-year period following the mailing of notice of that decision; nor was any new evidence received within a year.

3. New evidence received since the time of the RO’s decision, when considered with the evidence previously of record, is relevant to the claims of entitlement to service connection for chronic fatigue syndrome and for joint and muscle pains.

CONCLUSIONS OF LAW

1. The RO’s January 2010 rating decision denying service connection for chronic fatigue syndrome and for joint and muscle pains is final. 38 U.S.C. § 7105 (2012); 38 C.F.R. §§ 20.200, 20.201, 20.204, 20.1103 (2018).

2. New and relevant evidence has been received and, therefore, the Veteran’s claim for entitlement to service connection for chronic fatigue syndrome is entitled to readjudication. 38 U.S.C. § 5108; 38 C.F.R. § 3.156(a); 38 C.F.R. § 3.2501.

3. New and relevant evidence has been received and, therefore, the Veteran’s claim for entitlement to service connection for joint and muscle pains is entitled to readjudication. 38 U.S.C. § 5108; 38 C.F.R. § 3.156(a); 38 C.F.R. § 3.2501.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served honorably on active duty in the United States Army from August 1990 to January 1993, to include service in Southwest Asia. The Veteran also had additional reserves service.

The original rating decision underlying the present appeal was issued in May 2016 by the Department of Veterans Affairs (VA) Regional Office in Newnan, Georgia. 

The Appeals Modernization Act (AMA) allows VA claimants to opt into the modernized review system by requesting review of a statement of the case (SOC) or supplemental SOC (SSOC) issued on or after February 19, 2019, if the opt-in is received within one year of the date of the notification of the underlying rating decision, or 60 days from the issuance of the SOC, whichever is later. Here, the Veteran elected to appeal the above-listed issues to the Board via the modernized appeal system in July 2019 after receiving a May 2019 SOC. See July 2019 Notice of Disagreement (VA Form 10182). He requested that evidence he submitted within 90 days of his NOD be reviewed by a Veterans Law Judge. 38 C.F.R. § 20.202(b)(1).

The issues of service connection dental disability, claimed as periodontal disease, for compensation purposes; service connection for back condition, to include as secondary to joint and muscle pains; and service connection for gastrointestinal disorder will be addressed in a separate Board decision.

New and Relevant Evidence

The Veteran is alleging entitlement to service connection for chronic fatigue syndrome and for joint and muscle pains; his claims for these disabilities were previously considered and denied.

Service connection is warranted where the evidence of record establishes that a particular injury or disease resulting in disability was incurred in the line of duty in the active military service or, if pre-existing such service, was aggravated thereby. 38 U.S.C. § 1131; 38 C.F.R. § 3.303(a).

Generally, in order to prove service connection, there must be competent, credible evidence of (1) a current disability, (2) in-service incurrence or aggravation of an injury or disease, and (3) a nexus, or link, between the current disability and the in-service disease or injury. See, e.g., Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009); Pond v. West, 12 Vet. App. 341 (1999).

VA will readjudicate a claim if new and relevant evidence is presented or secured. 38 C.F.R. § 3.156(d). Relevant evidence is evidence that “tends to prove or disprove a matter in issue.” VA Claims and Appeals Modernization, 38 C.F.R. § 3.2501. As the statutory definition of “relevant” does not require that the evidence relate to an unestablished fact necessary to substantiate the claim or raise a reasonable possibility of substantiating the claim; “new and relevant” evidence is a lower standard than the “new and material” evidence standard.

Chronic fatigue syndrome and joint and muscle pains

The Veteran’s claims of entitlement to service connection for chronic fatigue syndrome and for joint and muscle pains were originally denied in a January 2010 rating decision because the evidence did show a current diagnosis or an inservice diagnosis. He did not appeal that decision or submit new and material evidence during the one-year appeal period following the notice of that decision. Therefore, that decision is final and binding based on the evidence then of record. 38 U.S.C. § 7105(c); 38 C.F.R. §§ 3.156(b), 20.1103.

Evidence of record at the time of that decision included the Veteran’s service treatment records (STRs), medical examinations, and medical treatment records.

After reviewing the evidence since received, the Board finds that it is new and relevant to the claims, and it is reopened.

The Veteran’s VA treatment records reflect ongoing complaints of fatigue in January 2018 and March 2018, and also reflect that the Veteran has been prescribed medication for his joints. See May 2019 CAPRI. While these medical records do not explicitly find a current diagnosis, they are relevant in illustrating the Veteran’s ongoing symptomatology. Furthermore, “new and relevant” evidence is a lower standard than the “new and material” evidence standard. Accordingly, the Board finds that new and relevant evidence has been presented warranting readjudication of the previously denied claims of entitlement to service connection for chronic fatigue syndrome and for joint and muscle pains.

REASONS FOR REMAND

Although the Board sincerely regrets the additional delay, a remand is necessary to ensure that there is a complete record upon which to decide the Veteran’s remaining claims and to afford him every possible consideration.

1. Entitlement to a rating in excess of 30 percent for service-connected PTSD, from May 19, 2015, is remanded.

The Veteran was last examined for purposes of assessing the severity of his PTSD in July 2015. May 2018 VA treatment records reflect the Veteran’s increased difficulties with sleeping and depression, anxiety, and anger. See May 2019 CAPRI. Under the circumstances, a new examination is warranted. See, e.g., Snuffer v. Gober, 10 Vet. App. 400, 403 (1997).

2. Service connection for fibromyalgia, to include as an unexplained chronic multi-symptom illness, due to service in Southwest Asia, is remanded

3. Service connection for a sleep disorder to include as an unexplained chronic multi-symptom illness, due to service in Southwest Asia, is remanded.

4. Service connection for chronic fatigue to include as an unexplained chronic multi-symptom illness, due to service in Southwest Asia, is remanded.

5. Service connection for joint and muscle pain to include, as an unexplained chronic multi-symptom illness, due to service in Southwest Asia, is remanded.

The Veteran contends that he has fibromyalgia, a sleep disorder, chronic fatigue, and joint and muscle pain related to his service in Southwest Asia. 

Service connection can be established for a Persian Gulf veteran who exhibits objective indications of a qualifying chronic disability which became manifest either during active service in the Southwest Asia theater of operations during the Persian Gulf War, or to a degree of 10 percent or more not later than December 31, 2021; and which by history, physical examination, and laboratory tests cannot be attributed to any known clinical diagnosis. 38 U.S.C. § 1117; 38 C.F.R. § 3.317(a)(1). 

A “qualifying chronic disability” means a chronic disability resulting from either (A) an undiagnosed illness; or (B) a “medically unexplained chronic multisymptom illness” (MUCMI) such as chronic fatigue syndrome, fibromyalgia, or functional gastrointestinal disorders (excluding structural gastrointestinal disorders). 38 C.F.R. § 3.317(a)(2). Unlike an “undiagnosed illness,” MUCMIs require a diagnosed illness without conclusive pathophysiology or etiology characterized by overlapping symptoms and signs with features such as fatigue, pain, disability out of proportion to physical finding, and inconsistent demonstration of laboratory abnormalities. Id. 

Relevantly here, signs or symptoms of undiagnosed illness and/or MUCMIs include, but are not limited to fatigue, joint pain, muscle pain, neurological signs or symptoms, neuropsychological signs or symptoms, and sleep disturbances. 38 C.F.R. § 3.317(b).

He was afforded a VA examination in November 2009 where a VA examiner diagnosed the Veteran with cluster and migraine headaches, chronic sinusitis, folliculitis of the scalp, anxiety and depression, and gastroesophageal reflux and hiatal hernia, and also found that the Veteran had “no undiagnosed illnesses related to the Gulf War” as the Veteran did not meet the criteria for chronic fatigue syndrome.

The Veteran was also afforded a Gulf War examination in March 2016. The examiner did not provide an opinion as to whether the Veteran has a diagnosed illness with etiology, undiagnosed illness, or MUCMI.

The Board finds the March 2016 VA examiner’s opinion is inadequate for the Board to adjudicate the claim. The examiner concluded the Veteran did not have any undiagnosed illness but did not address whether the Veteran had a MUCMI manifested by signs or symptoms of stomach symptoms, neurological or neuropsychological signs or symptoms. Furthermore, the examiner did not explain what criteria the Veteran needed to meet in order to be diagnosed with for chronic fatigue syndrome.

The Board finds the March 2016 VA examiner’s opinion is inadequate for the Board to adjudicate the claim. The examiner did not provide an opinion as to whether the Veteran has a diagnosed illness with etiology, undiagnosed illness, or MUCMI.

The Veteran was also afforded a VA examination for his sleep disorder in April 2016. After confirming that the Veteran had a diagnosis of obstructive sleep apnea, the examiner found that it was not related to the Veteran service due to a long interval gap between service and report of symptoms, no symptoms reported during Gulf War service, and no craniofacial deformities or other nasopharyngeal obstructions reported during service. In arriving at her opinion, the examiner noted that the Veteran’s service treatment records (STRs) had been reviewed.

The Board finds the examiner’s opinion to be inadequate due to it contradictory information provided by the examiner. A March 2007 memorandum reflects that the Veteran’s STRs from August 1990 to January 1993 were unavailable for review. It is unclear how the examiner could have reviewed records from the Veteran’s Gulf War service as they were unavailable. 

Furthermore, the examiner did not appear to address an October 1994 medical treatment record in which the Veteran reported insomnia, excessive sleep, daytime sleeping, and snoring. See October 2015 Medical Treatment Record.

Thus, the examiners’ opinions are incomplete and a new opinion is warranted. See Barr v. Nicholson, 21 Vet. App. 303, 311 (2007) (once VA undertakes to provide a medical examination or opinion, it must ensure that the examination or opinion is adequate); Bowling v. Principi, 15 Vet. App. 1, 12 (2001) (emphasizing the Board’s duty to return an inadequate examination report “if further evidence or clarification of the evidence... is essential for a proper appellate decision”).

The Board also notes that pertinent private medical records are outstanding. 

In October 2012, the Veteran indicated that he was receiving treatment from various private physicians. See October 2012 Correspondence. Those private medical treatment records have not been associated with the claims file. 

Because the clinical records of the treatment, if obtained, could bear on the outcome of the Veteran’s appeal, efforts must be made to procure them. 38 U.S.C. § 5103; 38 C.F.R. § 3.159(c). See also 38 C.F.R. § 3.159(e)(2) (if VA becomes aware of the existence of relevant records before deciding a claim, VA will, among other things, request that the claimant provide a release for the records).

Since it is necessary to remand for new examinations, the Board also notes that further efforts should be made compile a complete list of all periods of service with ACDUTRA and INACDUTRA separately listed as the Veteran has reserves duty as well. 

The matters are REMANDED for the following action:

1. Compile a complete list of all periods of service with ACDUTRA and INACDUTRA separately listed. Associate all documents obtained with the file. All efforts to obtain these records, and the responses received, must be documented in the file, and must continue until it is reasonably certain that the records do not exist or that further efforts to obtain the records would be futile.

All medical records from the Veteran’s reserves service should be associated with the Veteran’s claims file.

If such records are unavailable, the Veteran’s file must be clearly documented to that effect and the Veteran notified in accordance with 38 C.F.R. § 3.159(e).

2. Ask the Veteran to provide a release for relevant records of treatment from any private physicians or psychiatrists, and to identify, and provide appropriate releases for, any other care providers who may possess new or additional evidence pertinent to the issue on appeal. Specifically, records should be sought from Dr, Thandra at Beech Daly Medical Center, Drs. Rahman, Dr. Arman, and Dr. Rai at Garden City Medical Center. If he provides the necessary release(s), assist him in obtaining the records identified, following the procedures set forth in 38 C.F.R. § 3.159. Any new or additional (i.e., non-duplicative) evidence received should be associated with the record. If any of the records sought are not available, the record should be annotated to reflect that fact, and the Veteran should be notified.

3. Arrange to have the Veteran scheduled for a VA psychiatric examination for purposes of assessing the current severity of his PTSD. The examiner should provide a full description of the Veteran’s associated functional impairments as they relate to his ability to engage in occupational and social activity.

4. After outstanding records are obtained to the extent possible, ask the appropriate examiner to review the Veteran’s file. The necessity of an in-person examination is left to the discretion of the examiner. All tests and studies deemed necessary by the examiner should be performed.

The examiner is requested to state whether the Veteran’s complaints of chronic fatigue, sleep disturbances, stomach issues, and joint and muscle pains are either the result of (A) an undiagnosed illness (or undiagnosed illnesses) or (B) a medically unexplained chronic multisymptoms illness (MUCMI) (i.e., a diagnosed illness or diagnosed illnesses without conclusive patholphysiology or etiology). 

If the examiner cannot identify a known disease/diseases or disability/disabilities which causes these symptoms, the examiner should so state. The examiner should clarify whether the symptoms in question are chronic in nature (e.g., present for 6 months or more). The examiner should also indicate whether the Veteran’s symptoms and complaints represent a MUCMI defined by a cluster of signs or symptoms.

If the Veteran’s complaints are attributable to a known clinical diagnosis, the examiner should render an opinion as to whether such disability is at least as likely as not (e.g., a 50 percent or greater probability) etiologically related to active military service or events therein, to include the Veteran’s statements that his disorders are due to poor diet, exposure to burning petroleum and depleted uranium, anthrax injections, botulism, vaccines, pyridostigmine bromide, and insect repellant. See October 2012 Correspondence.

The examiner should set forth all examination findings, along with the complete rationale for any conclusions reached.

(Continued on the next page)

 

Regarding the Veteran’s joint and muscle pains, the examiner must address a June 1995 treatment record in which the Veteran reported joint pain in the shoulders, knees, and ankles, and also muscle aches. See June 2015 VA 10-10 Forms.

Regarding the Veteran’s sleep disorder, the examiner must address an October 1994 medical treatment record in which the Veteran reported insomnia, excessive sleep, daytime sleeping, and snoring. See October 2015 Medical Treatment Record.

 

 

SHEREEN M. MARCUS

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board R. Gandhi, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.